120 So.2d 195 (1960)
Floyd Albert HOLZAPFEL, Appellant,
v.
STATE of Florida, Appellee.
No. 59-509.
District Court of Appeal of Florida. Third District.
April 21, 1960.
Rehearing Denied May 27, 1960.
Engel & Housen, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Irving B. Levenson, Asst. Atty. Gen., for appellee.
PEARSON, Judge.
Floyd Albert Holzapfel was tried and convicted in the Criminal Court of Record of breaking and entering a building with intent to commit grand larceny. He was adjudged guilty and sentenced to confinement at hard labor in the state penitentiary for a term of fifteen years. From the judgment and sentence he has appealed to this court. He presented for review 14 assignments of error under 6 points. In *196 view of the holding of this court that the judgment and sentence must be set aside and the trial court directed to grant the defendant's motion for a new trial, it is necessary to consider only points numbered 5 and 6.
Under point numbered 5 the defendant questions the sufficiency of the evidence to support the conviction upon the contention that the evidence failed to establish the possessory right to the premises alleged to have been invaded.
Point 6 urges that the defendant is entitled to a new trial under section 920.05(1) (a), Fla. Stat., F.S.A.[1] It is alleged that the jurors were guilty of misconduct by communicating with the officer in charge of the jury and receiving from said officer certain instructions outside of the presence of the defendant and the presence of the presiding judge.
For convenience we will first discuss point 6. The record reveals that after the jury had retired the court was informed that the bailiff had communicated with the jury. The court recalled the jury and the following discussion took place.
"The Court: The bailiff tells me you asked him a question and he gave you an answer and I want to tell you it is improper for him to tell you anything.
"The Foreman: The charge was breaking and entering with intent to commit grand larceny?
"The Court: Correct. What did you ask the bailiff?
"The Foreman: That is the question.
"The Court: What did he tell you?
"The Foreman: He said it was right.
"The Court: Did you ask him anything else?
"The Foreman: No.
"The Court: Is there anything else you want to know in that regard before I send you back?
"The Foreman: No sir.
"The Court: All right, go ahead."
Whereupon, the jury retired from the courtroom at 11:00 P.M.
Upon motion for new trial an effort was made to determine exactly what occurred between the bailiff and the jury. At that time the court took the testimony of the deputy clerk of the court:
"It is my recollection that the bailiff came in, and the Court inquired as to what the jury requested and the bailiff announced to the Court that the jury was asking about the difference between grand larceny and other larceny, and the Court asked the bailiff what he told the jury and the bailiff said, `I informed them grand larceny was of the value of more than $100.' That is the best of my recollection."
Since it thus appears that there is some doubt as to the report that was made of the incident, it is not certain as to what actually happened between the bailiff and the jury. In the criminal law the procedural aspects affecting the substantial rights of the defendant must be strictly observed for it is essential that an accused receive a fair and impartial trial as guaranteed by § 11 of the Declaration of Rights of the Constitution of Florida, F.S.A. To this end the statutes of the State of Florida prescribe certain safeguards pertaining to the conduct of a trial which must be followed exactly.
*197 One of these safeguards is section 919.05, Fla. Stat., F.S.A.[2] The position of the State that the answers of the bailiff were a correct statement of the law is not sufficient. The court and the court alone is entitled to instruct jurors as to the law and this must be done in the presence of the defendant. See section 919.05, supra; cf. Smith v. State, Fla. 1957, 95 So.2d 525, 527.
Another of these safeguards is section 918.07, Fla. Stat., F.S.A.[3] One of the admonitions to the officer in charge of jurors in this latter section is as follows: "Such officer shall not communicate with the jurors on any subject connected with the trial, * * *." It is thus apparent that the error complained of is not a minor one.
We turn now to a consideration of defendant's point numbered 5. The defendant questions the sufficiency of the evidence to support the conviction upon the basis that the evidence failed to establish the possessory right to the premises alleged to have been invaded. The information upon which the defendant was tried alleged that the defendant broke and entered a building located at 2460 S.W. 16th St., City of Miami, Dade County, Florida, the property of R.L. Stokes and Thelma Stokes. In response to defendant's motion for bill of particulars the State gave the name and address of one Rafael Cabrera as the person who was lawfully in possession of the property on the date in question.
The witnesses, R.L. Stokes and Thelma Stokes, testified that they were the fee simple owners of the premises in question and that they had rented the premises to one Roberto Garcia at a rental of $125 per month. The written lease was for a term of one year and was executed in October of 1958 and was to terminate in October of 1959. The defendant was accused of breaking and entering the premises on the 4th day of May, 1959. The owner did not know Rafael Cabrera and had never seen him prior to the time of the trial. It was further developed that Garcia, the lessee, had not himself been in actual possession for some time, but that the rent was consistently paid each month and was fully paid at the time of the alleged breaking and entering.
The witness, Cabrera, testified that he did not know and had never met Garcia. He also testified that the materials in question, which were small arms, were the property of a Latin American revolutionary movement. The law is well settled that the offense of breaking and entering involves an invasion of the possessory rights of another. Cannon v. State, 102 Fla. 928, 136 So. 695; Smith v. State, 96 Fla. 30, 117 So. 377; Presley v. State, 61 Fla. 46, 54 So. 367.
It thus appears that a possessory right in the premises, which the defendant is charged with breaking and entering, was not sufficiently established. In view of the *198 nature of this objection it is our opinion, however, that the error may be remedied upon the new trial which we have determined must be ordered.
The appellant in his second point urges the suppression of certain evidence. We considered this point and find it without merit. The same conclusion has been reached in the case of appellant's points numbered 3 and 4 which deal respectively with an alleged error in the refusal to grant a continuance of the cause and certain rulings of the court upon evidence.
Reversed and remanded for a new trial.
HORTON, C.J., and CARROLL, CHAS., J., concur.
NOTES
[1] "(1) The court shall grant a new trial if any of the following grounds are established, provided the substantial rights of the defendant have been prejudiced:

"(a) That the defendant was not present at any proceeding where his presence is required under the criminal procedure law."
[2] Section 919.05, Fla. Stat., F.S.A.

"Jurors may return into courtroom for instruction. After the jurors have retired to consider their verdict if they desire additional instruction upon any point of law arising in the cause or to have any testimony, about which they are in doubt or disagreement, read to them, they shall, upon their request, be conducted into the courtroom by the officer who has them in charge and there the court shall give them such additional instruction or shall order such testimony read to them. Such instruction may be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant."
[3] Section 918.07, Fla. Stat., F.S.A.

"Admonition to officer in charge of jurors. If the jurors are committed to the charge of an officer he shall be admonished by the court to keep the jurors together in the place specified by the court and not to permit any person to speak to or otherwise communicate with them on any subject except with the permission of the court, given in open court, in the presence of the defendant or his counsel. Such officer shall not communicate with the jurors on any subject connected with the trial, and under the direction of the court, shall return the jurors to court when ordered so to do."