232 So.2d 451 (1970)
Stephen SLINSKY, Appellant,
v.
STATE of Florida, Appellee.
No. 2628.
District Court of Appeal of Florida, Fourth District.
March 6, 1970.
Joseph A. Varon and Leroy H. Moe of Varon & Stahl, Hollywood, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and James M. Adams, Asst. Atty. Gen., West Palm Beach, for appellee.
*452 WALDEN, Judge.
The defendant, Stephen Slinsky, was tried by jury and found guilty of attempted grand larceny. Judgment was entered and sentence imposed. Defendant appeals. We reverse.
After the case was submitted to the jury and during the course of their deliberations in the jury room, the jury sent a message by the bailiff to the trial judge. It requested that certain testimony be read back to them. The court summarily denied the request. This procedure was accomplished without inquiry, without opening court and without advising the defendant's counsel or the prosecuting attorney. It was also conducted outside the presence of the defendant. This procedure was assigned as error. We believe that it was and because of it that defendant should have a new trial.
The specifics of the request were not recorded and were not reflected in the record. Thus, we can not determine the effect, if any, that this denial may have had in the guilt determination, as was done in Nelson v. State, 1941, 148 Fla. 338, 4 So.2d 375. On one hand the testimony sought might have been innocuous or simply cumulative, on the other hand it might have been that the jury erroneously recalled critical testimony which, had it been corrected, would have resulted in a not guilty verdict. There are two complementary statutes which cover in this instance, both of which were violated. F.S. 1967, Section 919.05, F.S.A., provides:
"919.05 Jurors may return into courtroom for instruction.  After the jurors have retired to consider their verdict if they desire additional instruction upon any point of law arising in the cause or to have any testimony, about which they are in doubt or disagreement, read to them, they shall, upon their request, be conducted into the courtroom by the officer who has them in charge and there the court shall give them such additional instruction or shall order such testimony read to them. Such instruction may be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant."
The foregoing provisions have been adopted as Cr.P.R. 1.410, 33 F.S.A.
The second statute, F.S. 1967, Section 914.01(4), F.S.A., provides that in a felony prosecution, defendant shall be present at all proceedings before the court when the jury is present. We believe that this exchange between jury and court was a proceeding, albeit a critical one, which should have been conducted in the presence of the defendant and the fact that it was informally conducted with the bailiff as a go-between did not detract from its seriousness.
Deans v. State, Fla.App. 1965, 180 So.2d 178, found that a conversation between a juror and the judge concerning a traffic ticket given by a prosecution witness to the juror, which conversation was outside the presence of the defendant, violated the defendant's fundamental rights. It was reminded,
"A long established principle that pervades the whole of criminal procedure is that after an indictment is found, nothing shall be done in the course of the trial except in the presence of the accused. 14 Am.Jur. Criminal Law § 189 (1938); 23 C.J.S. Criminal Law § 973 (1961)
"Florida cases reporting that one accused of a felony has a right to be present during every step of the trial can be traced back to 1849 in Holton v. State, 1849, 2 Fla. 476. For other authority see: Adams v. State, 1891, 28 Fla. 511, 10 So. 106, 117; Summeralls v. State, 1896, 37 Fla. 162, 20 So. 242; Peaden v. State, 1903, 46 Fla. 124, 35 So. 204; Smith v. State, Fla. 1957, 95 So.2d 525, 528; Shoultz v. State, Fla. 1958, 106 So.2d 424; Ferreri v. State, Fla.App. 1959, 109 So.2d 578."
and,

*453 "`A holding to the contrary would tend to raise doubt and suspicion in other minds to the prejudice of public confidence in the fair and open administration of justice.' [Shoultz v. State, Fla. 1958, 106 So.2d 424."
To like effect is Lowdermilk v. State, Fla. App. 1966, 186 So.2d 816.
In Nelson v. State, supra, the jury during its deliberation requested certain trial testimony to be read to them. The request was denied. The Supreme Court there held that this constituted error but was not reversible because the specific testimony requested was in harmony with and cumulative to the testimony of several other witnesses. However, it was stated, with reference to the requirements now found in F.S. 1967, Section 919.05, F.S.A., supra,
"The Section supra makes it the duty of a trial court, when requested by a jury after the jury has retired to consider its verdict, to direct the reading of requested and designated testimony to the jury, which must be done in open court in the presence of counsel engaged in the trial of the cause or after giving notice to them of the reading thereof."
In Holzapfel v. State, Fla.App. 1960, 120 So.2d 195, the jury asked the bailiff about a question of law and obtained an answer. Such procedure was violative of F.S. 1967, Section 918.07, F.S.A., and F.S. 1967 Section 919.05, F.S.A., supra. It was there held that such violation constituted substantial error and the fact that the bailiff's response to the question was a correct statement of the law would not excuse the violation. The court stated, at page 196,
"In the criminal law the procedural aspects affecting the substantial rights of the defendant must be strictly observed for it is essential that an accused receive a fair and impartial trial as guaranteed by § 11 of the Declaration of Rights of the Constitution of Florida, F.S.A. To this end the statutes of the State of Florida prescribe certain safeguards pertaining to the conduct of a trial which must be followed exactly."
In Smith v. State, Fla. 1957, 95 So.2d 525, the trial court furnished a dictionary to a deliberating jury without first informing counsel and without the presence of the defendant. In reversing the judgment, it was commented, at page 527 and 528:
"* * * Section 919.05 prescribes the manner by which the jury may receive additional instructions, and provides, among other things, `Such instruction may be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.' (Emphasis supplied.)"
Touching somewhat on the problem at hand is the case of Chicago, Rock Island and Pacific Railroad Co. v. Speth, 8 Cir.1968, 404 F.2d 291, where in a workmens compensation case the trial judge recalled the jury pursuant to their request and answered their question without the defendant or his counsel being present. This was determined to be reversible error with these comments,
"Any question propounded by the jury, as well as the answer by the trial court, should affirmatively appear of record. It is an element of the trial itself * * * Secondly, counsel should have been given specific notice and opportunity to be present, * * * [so as] to know the jury's question, and the court's intended response in order to make specific exception to any additional instruction * * * so that immediate correction might be made."
From our reading of the statutes and the authorities, we feel that the practice here employed, innocently intended as undoubtedly it was, violated the defendant's rights in a harmful way and entitles him to a new trial. Using hindsight, we offer that the trial court, faced with such request, should have advised counsel of it and re-convened court with defendant in attendance. Depending upon the nature *454 and scope of the jury's question, the court could then recall or offer to recall the jury into the courtroom for inquiry and the rendition of a response to their request. This would afford counsel an opportunity to perform their respective functions. They could advise the court, object, request the giving of additional instructions or the reading of additional testimony, and otherwise fully participate in this facet of the proceeding. Finally, this method would do much to eliminate any procedural grievance of a defendant. However, if the transaction should be assigned as error then this court would have a full record whereby it could assay the substantive merits of the trial judge's rulings.
To complete our appellate task, we notice the defendant's second point on appeal which asserts that the proofs were insufficient to warrant his conviction of attempted grand larceny. We have examined the record and the arguments and authorities advanced by the parties to this appeal and conclude that this point lacks merit.
The judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.
McCAIN and OWEN, JJ., concur.