PER- CURIAM.
Pursuant to a jury verdict, the appellant, Zebedee McNichols, was found guilty of murder in the second degree and sentenced to life imprisonment. The principal defense advanced by the defendant was not guilty by reason of insanity.
A jury trial was commenced on October 1, 1973 and on October 8, 1973, the jury retired to consider a verdict. While the jury was deliberating the foreman asked the bailiff for the reading of the testimony of Dr. Keedy, a defense witness. The bailiff went to the judge who was in the courtroom at the time and apprised him of the juror’s request. At the time, the court was not in session and neither the defendant nor his counsel was in the courtroom. The bailiff was informed by the judge that the testimony was not available and that the jury, “ . . . would [have to] recollect the testimony as best they could from what they had heard.” The bailiff then returned to the jurors and informed them that the court had denied their request.
Appellant’s motion for new trial raised the point which is the basis of this appeal, that is, whether the trial court committed reversible error in summarily denying the jury’s request without defendant or his counsel being present. The trial court took extensive testimony and, apparently upon a determination that the error was harmless, denied the motion for new trial. This appeal followed. We reverse upon a holding that the law as established in Slinsky v. State, Fla.App. 1970, 232 So.2d 451, is governing here.
Because the facts in this case so nearly parallel those recited by the court in Slin-sky v. State, we think that it is not necessary to discuss further the law of the case. The State has in effect admitted that error occurred but urges that it is harmless error basing its position upon the holding of the Supreme Court of Florida in Nelson v. State, 148 Fla. 338, 4 So.2d 375 (1941), and the holding of the Court of Appeal, Second District, in Bates v. State, Fla. App.1958, 102 So.2d 826. We conclude that the holding in Nelson v. State, supra, considers a prior applicable statute but does not show that the determination of the trial judge was reached without the presence of the defendant or his attorney and an opportunity for the defendant to be heard. The second cited opinion of Bates v. State, supra, shows that the request for the reading of testimony which was refused was for practically all of the testimony taken and the denial was made in open court in the presence of the defendant and his attorney. We therefore find that neither of the cited cases are controlling.
Whereupon, the judgment and sentence are reversed and the cause is remanded for a new trial.
Reversed and remanded.