300 So.2d 325 (1974)
Ronnie ENNIS, Appellant,
v.
STATE of Florida, Appellee.
No. T-472.
District Court of Appeal of Florida, First District.
September 17, 1974.
*326 George G. Phillips and Nancy T. Richardson, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was tried for second degree murder and robbery. He was acquitted of the murder charge and convicted of robbery. He appeals from his conviction and sentence to forty-five years in the state prison.
Appellant raises four questions on this appeal. He first contends that the trial court erred in failing to grant his motion for a change of venue. We have examined the motion and the evidence presented in support of same and find no abuse of discretion by the trial judge in his denial thereof.
Next, appellant contends the trial court erred in failing to grant his motion for a directed verdict of acquittal which was based upon alleged insufficiency of the evidence. Our reading of the record reveals ample evidence to support the Jury's verdict.
Thirdly, appellant contends the trial court erred in failing to grant a new trial upon testimony presented which allegedly indicated the bailiff carried on an improper conversation with the jury. The bailiff, Ervie Botts, testified as follows on the point in question:
"Q Mr. Botts, do you recall the jury knocking on the door for your attention?
A Yes, sir.
Q Do you recall what conversation, if any, you had with the jury?
A They asked me did George Burdick have any money in the Jay bank at the time of his death.
*327 Q What did you tell them?
A I told him to ask the judge? I come in and asked the judge, and he informed me that that wasn't in the evidence and it didn't mean nothing  forget it  and I went back and told them."
There was evidence presented in the trial that the victim, Burdick, who was killed in the robbery lived alone and kept money hidden about his place and because of this the perpetrators of the robbery knowing or believing he had money at his place of residence committed the robbery. Any evidence that he had money in banks could weigh only in appellant's favor if it was given any weight at all. The juror whose testimony was presented by appellant on his motion for new trial testified as follows on this point:
"Q While you were in the jury room deliberating your verdict with your fellow jurors, do you recall whether or not Mr. Botts came to the door  whether you all sent for him?
A Yes, sir, we knocked on the door because we were debating different questions, and we asked the question of each other if Mr. Ennis knew that Mr. Burdick had his money in the bank as his testimony said that he did, why  what reason would he have to try to rob the man. I mean why go to his place to rob him when his money was in the bank. Mr. Ennis said that he knew this, and this was one question that came up. He couldn't have planned to rob him  we felt like this was one thing that would set him one way or the other in the case, and we wondered if we could get this information, and the only way  we knocked on the door, and Mr. Botts came to the door, and we asked him if we could get information that was not presented during the trial. I mean, like it was brought up, but nothing was emphasized on it. It never came out. Nobody ever said that Mr. Burdick kept his money in the bank or not, and he told us that Mr. Burdick did keep his money in several banks  that he had quite a bit of money in several banks  and then he came back to the door a short time later and he said he had talked to you about this and that you had said for us to disregard this  that it didn't make any difference." (The juror's reference to "you" was to the trial judge.)
The bailiff's answer that "Mr. Burdick did keep his money in several banks  that he had quite a bit of money in several banks", if given, was error and a violation of Section 918.07, Florida Statutes, which provides that the officer in whose charge a jury is committed shall not communicate with the jurors on any subject connected with the trial. The bailiff should not have replied to the jury's question. He should have advised the judge that the jury had a question they wished to ask, and the judge should have then had the bailiff return the jury to the courtroom and had them ask their question on the record in the presence of the defendant and the attorneys for both parties. The court should have then told the jury that no additional evidence could be presented to them and they could consider only such evidence on the point as had been given them in the trial. While the procedure which was followed was error, we conclude that it was harmless error. Section 59.041, Florida Statutes, provides as follows:
"No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed."
*328 In addition, Section 924.33, Florida Statutes, provides as follows:
"No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."
Appellant in his brief asserts the conclusion that his rights were prejudiced by the bailiff's communication. He does not attempt to point out wherein his rights were prejudiced by the remark. As we have heretofore stated, the remark was obviously not prejudicial to the defendant, but was in his favor. It is a long settled rule that a criminal conviction will not be reversed where evidence of guilt is ample, unless substantial rights have been violated and injury therefrom is clearly demonstrated. See Matera v. State, Fla.App.3d, 218 So.2d 180, cert. den. 396 U.S. 955, 90 S.Ct. 424, 24 L.Ed.2d 420; Ward v. State, 82 Fla. 383, 90 So. 157. Such a showing has not been made here.
Lastly, appellant contends the trial court erred in imposing a sentence of forty-five years; that such is cruel and unusual punishment under the factual situation of this case. The statutory penalty for the crime of robbery is life imprisonment or any lesser term of years at the discretion of the court. See Section 813.011, Florida Statutes. A sentence which is within the limit fixed by statute is not cruel and unusual punishment. See Brown v. State, 152 Fla. 853, 13 So.2d 458 and Cole v. State, Fla.App.3rd, 262 So.2d 902, cert. dismissed, Fla., 268 So.2d 904, cert. den. 411 U.S. 968, 93 S.Ct. 2157, 36 L.Ed.2d 690.
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.