PER CURIAM.
During the trial of this case, the presiding judge made a comment during the testimony of a witness that was improper because it could be interpreted by the jury as a statement that the judge did not consider the witness’s testimony to be important or presented for any justifiable purpose. Upon objection and motion for mistrial, the court instructed the jury to disregard the comment and then polled the members, receiving from them an affirmative response that the comment would in no way influence them.
On this appeal, the defendant urges that the improper comment requires a new trial. The State, on the other hand, admits the error of the trial court but contends that it is not sufficient for reversal.
We have reviewed the record and find that the proof of the defendant’s guilt is overwhelming and that the testimony of the witness concerned was of no importance to the defense of the charge. Therefore, we affirm the judgment on authority of the rule which allows us to affirm a conviction where there is- error, but no prejudicial error. See Casso v. State, Fla.App. 1966, 182 So.2d 252, and Ennis v. State, Fla.App.1974, 300 So.2d 325.
Affirmed.