336 So.2d 673 (1976)
Harvey RANDOLPH, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 75-1638.
District Court of Appeal of Florida, Second District.
August 27, 1976.
*674 Jack O. Johnson, Public Defender, Bartow, and Ellen Condon, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Randolph appeals a judgment and sentence for breaking and entering with intent to commit a misdemeanor.
Appellant was charged by information with breaking and entering the home of Margie Lovett on March 29, 1975, with intent to commit petit larceny. In response to a motion by appellant the state filed a bill of particulars stating that the offense occurred "between the hours of 10:00 p.m. on March 29, 1975, and 4:00 a.m. on March 30, 1975."
Testimony at trial showed that appellant was caught burglarizing Mrs. Lovett's home while she was at the laundromat. Mrs. Lovett testified that the break-in occurred on the night of March 28. The arresting officer's testimony was unclear as to the date of the offense. Another police officer recalled interrogating appellant around 1:00 a.m. on March 29. The jury was instructed that the exact date of the crime had been made an issue and as a result the state had the burden or proving beyond a reasonable doubt that the crime occurred between 10 p.m. March 29 and 4:00 a.m. March 30.
After the jury retired, it requested instructions as to whether or not the bill of particulars was controlling as to the date of the offense. The court instructed the bailiff to tell the jury that they would have to make the determination for themselves based upon the instructions they had received. The bailiff went into the jury room and closed the door. After he returned, appellant's counsel challenged the procedure, and the bailiff was questioned as to what he told the jury. He replied that he told the jurors "something to the effect" that the judge said they would have to observe the dates on the documents presented in evidence and "it was up to them to decide whether or not the date made any difference."
Appellant objected that the court should have personally repeated the instructions regarding the bill of particulars that it had given the jury. The court noted that appellant's counsel had not objected to the procedure when the court ordered the bailiff to convey his answer. Counsel replied that he did not object because he believed he would be allowed to hear what the bailiff told the jurors; however, the bailiff had closed the door of the jury room when he went in to deliver the instructions.
Shortly after receiving the reply the jury found appellant guilty as charged. This timely appeal followed.
The procedure that the trial court followed in answering the jury's request for a clarification of the instructions was improper. The court's response to the question should have been given in open court in the presence of appellant, his counsel, and the *675 assistant state attorney. RCrP 3.410. Florida Statute § 918.07, forbids communication concerning the trial between the officer in charge of the jury and the jurors. In Slinsky v. State, Fla.App.4th 1970, 232 So.2d 451, the trial court summarily denied a jury's request to have testimony read back without opening court or advising either side of the request. The Fourth District reversed, finding that the procedure was a violation of the defendant's rights and that it could not determine what effect the summary denial had on the jury's decision.
In Holzapfel v. State, Fla.App.3d 1960, 120 So.2d 195, the bailiff answered a question that the jurors asked. It was unclear exactly what the jury asked. The district court reversed, holding that whether or not the bailiff gave a legally correct answer was irrelevant since the court alone was entitled to instruct the jury on the law and must do so in the presence of the defendant.
While the trial court may have intended simply to decline to answer the jury's question, the answer conveyed by the bailiff could be construed as an instruction that the jury could rely on either the information or bill of particulars and decide whether or not the proof of the date was necessary.[1] It was clearly improper for instructions to be conveyed by the bailiff.
We recognize that the First District has held a similar procedural error to be harmless. Ennis v. State, Fla.App.1st 1974, 300 So.2d 325. Ennis involved an instruction sent through the bailiff that a certain fact was immaterial. There was no uncertainty as to what was told the jury. Given the particular circumstances here we cannot view the error as harmless since the jury's inquiry as to whether or not they were bound by the bill of particulars indicates that there was a question as to whether or not the state had sustained its burden of proving the date of the offense. In response to a jury inquiry concerning a material issue the trial court sent the bailiff to deliver what amounted to an additional instruction. The effect this procedural violation had on appellant's rights is apparent. We are compelled to reverse for a new trial.
In view of our decision on this point, we do not reach the merits of the other points raised by appellant.
REVERSED and REMANDED for a new trial.
HOBSON, Acting C.J., and GRIMES and SCHEB, JJ., concur.
NOTES
[1] We note that the answer to the jury's inquiry appears to conflict with the supreme court's decision in State v. Beamon, Fla. 1974, 298 So.2d 376.