340 So.2d 490 (1976)
Kenneth CALDWELL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75-1556, 75-1557, and 75-1558.
District Court of Appeal of Florida, Second District.
December 1, 1976.
Rehearing Denied January 11, 1977.
Jack O. Johnson, Public Defender, Bartow, Ellen Condon, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant appeals the judgments and sentences for involuntary sexual battery (Case No. 75-1558), robbery (Case No. 75-1557), and breaking and entering while armed with intent to commit a felony (Case No. 75-1556). We have carefully considered the several points raised by appellant and find that only one is meritorious.
The jury found appellant guilty as charged, and he was sentenced to three consecutive 100-year terms. Prior to pronouncing sentence the judge said
while ya'll were at lunch the jury sent out a question as to the difference between sexual battery and involuntary sexual battery, and I just sent word back that there was no difference. Apparently the terms are interplayed in the verdicts.
The judge's statement is the only evidence in the record of this incident. We are unable *491 to determine what additional instructions the jury actually received. The statement indicates that the judge may not have instructed the jury himself but relayed the instructions to the jury through a third party. Since it is uncertain what the jurors were told we cannot view this procedural violation as being harmless error.[1] Inquiries from the jury must be answered in open court after notice to both the defendant's counsel and the prosecution. Fla.R.Crim.P. 3.410. No one is permitted to communicate with the jurors without permission from the court given in open court in the presence of the defendant or his counsel. Section 918.07, Florida Statutes.
Therefore we reverse the judgment on involuntary sexual battery and remand for a new trial. Appellant has not alleged that the court's manner of responding to a question concerning the involuntary sexual battery charge in any way tainted the jury verdict on the other two counts, and we are unable to discern from our independent review of the record any prejudice to the other counts. Accordingly we affirm the judgments and sentences in Case Nos. 75-1556 and 75-1557.
AFFIRMED in part, and REVERSED and REMANDED in part.
McNULTY, C.J., and SCHEB, J., concur.
NOTES
[1] Randolph v. State, 336 So.2d 673 (Fla. 2d DCA 1976); Slinsky v. State, 232 So.2d 451 (Fla. 4th DCA 1970); Holzapfel v. State, 120 So.2d 195 (Fla. 3d DCA 1960). The decision in Ennis v. State, 300 So.2d 325 (Fla. 1st DCA 1974) (holding a violation of Fla.R.Crim.P. 3.410 harmless) is distinguishable in that the court there found no uncertainty as to what the jury was told.