348 So.2d 602 (1977)
Rawleigh FLOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1037.
District Court of Appeal of Florida, Fourth District.
July 1, 1977.
Richard L. Jorandby, Public Defender, James Eisenberg and Richard S. Power, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellee.
*603 ANSTEAD, Judge.
The appellant, Rawleigh Flowers, seeks a new trial on the grounds that the trial court erred in responding to a question from the jury without prior notice to Flowers or his counsel. We reverse.
Upon reconvening court to receive the verdict of the jury but prior to the jury returning to the courtroom, the trial judge announced to the parties:
THE COURT: Before the jury comes in, they sent me a question when you all weren't around. The question was, "What, if any, conclusions were drawn from the defendant's writing of his name, or the name `Ellis Powers,' re: Handwriting analysis?"
I told Mr. Callahan to tell them they had to rely upon the evidence at the trial, and to rely upon that evidence.
MR. ROSEN: For the record, they should have been advised of that part of the instruction where you talk about the evidence, the lack of evidence.
THE COURT: I told them to rely upon the evidence as rendered in the case, because I was not going to get into that. I gave you the question, so you can make an objection to it for the record, if you so desire.
MR. ROSEN: I would object to them not having been advised they could be concerned with the lack of evidence.
THE COURT: If you had no objection, I would have been disappointed. Would you like to object?
MR. COHN: No, sir.
THE COURT: Objection overruled.
Immediately thereafter the jury returned its verdict against Flowers.
Rule 3.410 of the Rules of Criminal Procedure provides:
JURY REQUEST TO REVIEW EVIDENCE OR FOR ADDITIONAL INSTRUCTIONS
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
This rule prohibits communications between the trial judge and the jury such as took place herein.[1] The parties, through their counsel, have the right to be advised of any questions raised by the jury and any proposed responses to said questions. All of these proceedings should take place in open court and be of record so that no question may be raised as to the integrity of the jury system. The only record of the question posed by the jury in this case and the trial court's response is the statement of the court quoted above. That statement itself tends to indicate that a Mr. Callahan, presumably the bailiff, actually relayed the judge's instructions to the jury. There is no record of what the jurors were told. Under these circumstances we cannot conclude that the error was harmless.
Accordingly, the judgment is hereby reversed, and the cause is remanded for a new trial.
MAGER, C.J., and ALDERMAN, J., concur.
NOTES
[1] Caldwell v. State, 340 So.2d 490 (Fla. 1st DCA 1976); Slinsky v. State, 232 So.2d 451 (Fla. 4th DCA 1970); Holzapfel v. State, 120 So.2d 195 (Fla. 3d DCA 1960).