348 So.2d 634 (1977)
James Henry THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1831.
District Court of Appeal of Florida, Third District.
July 26, 1977.
Stephen L. Raskin, Miami, for appellant.
*635 Robert L. Shevin, Atty. Gen. and Anthony Musto, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and BARKDULL and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Defendant, James Henry Thomas, appeals his convictions for burglary and grand larceny, and for his sole point on appeal argues that the trial court erred in failing to grant his motion for mistrial after the bailiff gave the jury a legal instruction during its deliberation. We find this point has merit.
Before the jury's verdict was announced, the trial judge informed counsel that during the jury's deliberations the foreman had advised the bailiff that the jury was deadlocked 5-1, and the bailiff responded that the jury had to reach a unanimous verdict. Defense counsel thereupon made a motion for mistrial which was denied. The trial judge then gave the jurors the "Allen charge" over objection of the defense and the jury retired to deliberate. Shortly thereafter verdicts of guilty were returned.
The instruction given to the jurors by the bailiff, which was legally incorrect, is in clear violation of Section 918.07, Florida Statutes (1975). Further, this court has held in Holzapfel v. State, 120 So.2d 195 (Fla. 3d DCA 1960) that such communication between a bailiff and the jurors constitutes reversible error regardless of whether the bailiff's answer is legally correct or not since the court alone is entitled to instruct the jury on the law and must do so in the presence of the jury. See also Slinsky v. State, 232 So.2d 451 (Fla. 4th DCA 1970); Randolph v. State, 336 So.2d 673 (Fla. 2d DCA 1976), and Fla.R.Crim.P. 3.410.
While counsel for the State concedes that the above communication constituted error, he contends that such error was cured upon the trial judge rendering the Allen charge to the jurors and directing them to further deliberate before they had announced their original verdict. We conclude to the contrary.
It is well established that nothing must be said or done by the trial court to embarrass or coerce an unconvinced juror or jurors to agree with the verdict or the majority simply because he or she is in the minority. Jones v. State, 92 So.2d 261 (Fla. 1957). Under the circumstances in the case sub judice, the rendering of the Allen charge may have well deprived the defendant of a "hung jury" for, as the court stated in Bell v. State, 311 So.2d 179, 181 (Fla. 1st DCA 1975): "An impediment to the exercise by a juror of a free and independent judgment is inconsistent with the mandate of Article I, Section 16, Constitution of the State of Florida, that the verdict of the jury must be impartial."
The convictions of the defendant are reversed and the cause remanded to the trial court for a new trial.
Reversed and remanded.