GRIMES, Judge.
In this appeal from a conviction for uttering a forged instrument, the only point worthy of discussion pertains to certain communications between the jury and the bailiff during the trial. After the jury verdict had been published and the jury polled, the following transpired:
“MR. BRINKMEYER: Your Honor, before the jury leaves, there’s one matter that I wish to bring to the Court’s attention. The bailiff has informed me that there was a conversation between himself and members of the jury regarding evidence that was not admitted, exhibits which were not admitted into evidence, and I wish to move for a mistrial at this time. And I would request that the Court poll the jury as to the nature of the conversation between the bailiff and the jurors.
THE COURT: What bailiff was that?
MR. BRINKMEYER: Mr. Wilson.
THE COURT: And what was the conversation, Mr. Wilson?
MR. WILSON: They asked me if the photograph that the F.B.I. had was in evidence, and I came out and I asked Mr. Holmes [Assistant State Attorney] if it was in evidence, he said no, and I came in and I told the jurors it was not in evidence.
THE COURT: Was the conversation any different Mr.
MR. HAMMAC [Jury Foreman]: That’s correct.
*714 THE COURT: The Court will deny your motion and would excuse you. Thank you.”
Appellant contends that this colloquy constituted a violation of Fla.R.Crim.P. 3.410 (requiring additional instructions to the jury to be given in open court) and Section 918.07, Florida Statutes (1975) (prohibiting the officer in charge of the jury from communicating with jurors on any subject connected with the trial).
Our Supreme Court has recently held that a violation of Fla.R.Crim.P. 3.410 is prejudicial error regardless of whether the judge’s instruction is legally correct. Ivory v. State, 351 So.2d 26 (Fla.1977) (Opinion filed July 14,1977). Whether a violation of Section 918.07, Florida Statutes (1975), is automatically prejudicial, at least where the contents of the communication are clearly known and apparently harmless, is not quite so clear. Compare Ennis v. State, 300 So.2d 325 (Fla. 1st DCA 1974) with Randolph v. State, 336 So.2d 673 (Fla. 2d DCA 1976); cf. Ivory v. State, supra.
In any event, we believe there was neither a violation of the rule nor a departure from the statute in the instant case. Referring to the record, it is obvious that the jury was interested in seeing a photograph that an F.B.I. fingerprint expert had exhibited to the jury but which was never admitted into evidence. One of the bailiff’s responsibilities is to see that the jury is furnished with all exhibits which are introduced into evidence. Therefore, the bailiff’s response to the jury’s inquiry really amounted to nothing more than the fulfillment of his obligation only to permit the jury to receive those exhibits which had been properly admitted. This did not constitute an instruction on the law or a prohibited communication with the jurors on a subject connected with the trial.
AFFIRMED.
BOARDMAN, C. J., and HOBSON, J., concur.