MOORE, Judge.
The State appeals from an order of the trial court granting appellee’s motion for a new trial.
The sole basis for granting a new trial involved the actions of the prosecutor during the jury’s deliberations. Subsequent to the commencement of such deliberations, the jury returned and requested the court to reinstruct on first degree murder, attempted first degree murder and second degree murder. This was done without any objection. Shortly thereafter, the court took a lunch recess at which time the jury *51 was taken to lunch by the bailiff. Concluding that the failure to reinstruct on justifiable homicide, self defense and manslaughter could be a basis for reversal of a conviction, even in the absence of an objection by the defendant, the prosecutor waited in the courtroom for the jury and the bailiff to return. After the jury was ushered into the jurors room, the prosecutor requested the bailiff to advise the jurors to cease their deliberations until they received further instructions by the court. The bailiff performed as requested and, upon his return, the trial judge was immediately informed as to what had transpired. The prosecutor had no direct contact with the jury. The jury was reassembled in the courtroom and, in the presence of the prosecutor, the defendant and his counsel, the jury was appropriately reinstructed without objection.
Relying upon Slinsky v. State, 232 So.2d 451 (Fla. 4th DCA 1970), the trial court granted appellee’s motion for a new trial approximately seven months subsequent to the conviction for second degree murder. The appellee now relies upon Slinsky and Holzapfel v. State, 120 So.2d 195 (Fla. 3d DCA 1960) cert. denied, 125 So.2d 877 in support of the trial court’s granting the motion for new trial.
Generally, communications between an officer of the court and the jury, outside the presence of the defendant and his counsel, are grounds for reversal or new trial regardless of the existence of proof of prejudice to the defendant’s case. See, e. g., Ivory v. State, 351 So.2d 26, 28 (Fla.1977). All of the analogous cases, however, are distinguishable from the instant case in one critical respect. In all of those cases the actions taken were precipitated by a specific request of the jury and resulted in either a granting of such request or the denial of same in the absence of the prosecutor and the defendant or his counsel. Slinsky, supra; Ivory, supra; Holzapfel, supra; McNichols v. State, 296 So.2d 530 (Fla. 3d DCA 1974). In each of these cases it is held that the jury cannot receive any information, or be summarily denied information, in the absence of the defendant or his counsel. The determination of what must be done in response to a jury inquiry must be made in the presence of the defendant and his counsel. •
The instant case merely involved a communication which temporarily delayed the resumption of the jury’s deliberations. No substantive information was provided the jury, nor was a jury request for further information summarily denied, outside the presence of the defendant and his counsel. As such, the defendant’s case was not prejudiced in any way and the granting of the new trial was an abuse of discretion. Cf., Degeer v. State, 349 So.2d 713 (Fla. 2d DCA 1977).
Accordingly, the trial court’s order granting a new trial is REVERSED with instructions to reinstate the conviction for second degree murder.
REVERSED and REMANDED.
ALDERMAN, C. J., and LETTS', J., concur.