RYDER, Acting Chief Judge.
Robert E. Davis appeals from two convictions for attempted first degree murder. We hold that the lower court erred in not granting a new trial after appellant showed that the jury’s request for reinstruction was not communicated to appellant or appellant’s counsel, and we reverse.
After the notice of appeal was filed below, we relinquished jurisdiction for a hearing on motion for new trial to determine whether there was communication with the jury during its deliberation without notice to the prosecutor or defense. Following a hearing, the trial judge denied the motion.
During the hearing below, five of the six jurors recalled speaking to the bailiff in charge of the jury. Of the five jurors that recalled contact with the bailiff, three specifically recalled that they requested rein-struetion by the judge. The other two jurors testified the request for reinstruction specifically related to the different verdicts which could be returned.
One juror testified that the bailiff, upon his return to the jury, informed the jury that the trial judge would not give an answer to their request. The recollection of that event by three other jurors varied as their testimony reveals they recalled that the bailiff reported back either that he could not locate the judge at that moment, or that the judge had agreed to their request for further definition, or that the bailiff informed the jurors that further clarification was not possible.
The bailiff testified that he recalled no contact with the jury, and the trial judge had no independent recollection of the case. Neither counsel recalled notice of a request for information from the jury, and the court reporter had no notes of being called back during jury deliberations.
It is reversible error for the trial judge to deny or give a response to a jury request made during deliberations until trial counsel have been advised and given the opportunity to participate in discussion. Ivory v. State, 351 So.2d 26 (Fla.1977); Caldwell v. State, 340 So.2d 490 (Fla.2d DCA), cert. denied, 346 So.2d 1247 (Fla.1977). The testimony below,' uncontradict-ed as to the jurors’ posing the question, will only support a finding that such a request was made. The testimony of counsel and the court reporter that they did not recall or make notes of any conference during jury deliberations will likewise only support a finding that no such conference took place.
We hold that failure of the lower court to permit counsel to be heard in response to the jury request was reversible error. The judgment is REVERSED and the case REMANDED for a new trial.
CAMPBELL and SCHOONOVER, JJ., concur.