442 So.2d 432 (1983)
Glen Wade CREWS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1085.
District Court of Appeal of Florida, Fifth District.
December 29, 1983.
*433 Howard H. Babb, Jr., Public Defender, and Marty E. Moore, Asst. Public Defender, Ocala, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Crews appeals his conviction for dealing in stolen property.[1] He argues the trial court erred in admitting at trial a videotape showing him in George's Swap Shop, where the police were running a storefront "sting operation," because it was of extremely poor quality. Crews also contends there was improper contact between the jury, the bailiff, the prosecutor, and a state witness during jury deliberations. We affirm.
At the trial, the videotape was admitted into evidence and shown to the jury twice. The videotape was also used to refresh police officers' memories. After the jury retired to deliberate, the trial judge and defense counsel left the courtroom. Subsequently, the jury foreman returned to the courtroom and asked the bailiff to bring the videotape and television viewing equipment into the jury room. Because the bailiff had back problems, he asked a deputy who testified for the state, and who was present in the courtroom, to help him carry the equipment into the jury room. The deputy later testified that he merely carried the television into the jury room, set it on the table, and walked out.
Defense counsel walked into the courtroom at that moment and objected to the proceedings. The prosecutor then said to the foreman:
Oh, wait a minute. We might not be able to do this because Ms. Mayden has an objection that she wants to make to the Judge.
The trial judge returned to the courtroom and took testimony concerning the incident. He then denied defense counsel's motion for mistrial, which was based on the grounds the deputy entered the jury room after the jury commenced its deliberations.
We have reviewed the videotape, and we do not find it of such poor quality that it should not have been admitted at trial. See Odom v. State, 403 So.2d 936 (Fla. 1981). The audio portions of the tape are incomprehensible at numerous points, but the video is of sufficient clarity to be able to identify persons appearing on the screen. Cf. Springer v. State, 429 So.2d 808 (Fla. 4th DCA 1983). The video combined with the partial audio constitute substantial evidence against Crews. In view of our conclusion on this point, we do not find reversible error on the part of the trial judge in not having first previewed the videotape outside the presence of the jury before ruling on its admission. That, of course, would have been the best procedure.
Appellant also argues reversible error was committed in the contact between the bailiff, the witness and the jury. He cites Ivory v. State, 351 So.2d 26 (Fla. 1977), as establishing a per se rule that any unauthorized contact "with the jury outside the presence of the prosecutor, the defendant, and defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless." Id. at 28. Ivory involved a violation of Florida Rule of Criminal Procedure 3.410.[2] In Ivory, the trial court responded through the bailiff to the jury's inquiries about additional instructions and documents in evidence, outside *434 the presence of the attorneys and the defendant.[3] However, this case does not involve a violation of rule 3.410. The jury did not request additional instructions, or to have testimony read to them. Rather, they requested that the videotape, which was admitted into evidence, be furnished to them, as they had every right to do. Fla.R. Crim.P. 3.400.
Appellant also argues the contact between the bailiff, the witness and the jury violated section 918.07, Florida Statutes (1981). That section provides:
When the jury is committed to the charge of an officer, he shall be admonished by the court to keep the jurors together in the place specified and not to permit any person to communicate with them on any subject except with the permission of the court given in open court in the presence of the defendant or his counsel. The officer shall not communicate with the jurors on any subject connected with the trial and shall return the jurors to court as directed by the court.
It is not clear that an improper communication with jurors automatically mandates a new trial. Some courts have held that a showing of prejudice must be made,[4] but others conclude reversible error occurred whether or not the communication was legally correct and not harmful, or unknown.[5]
The distinguishing fact in this case is that no communication was shown to have occurred between the bailiff, the deputy and the jurors. In furnishing the jury with an item in evidence and the mechanism to enable them to see it, the bailiff was acting properly. Degeer v. State, 349 So.2d 713 (Fla. 2d DCA 1977). The accomplishment of physical transportation by the deputy because the bailiff had a bad back does not change the result here.
Although there was a communication by the prosecutor to the jury foreman, we do not think it requires a reversal. At most he said the tape and television could not be furnished to the jury until the court made a ruling on defense counsel's objection. The comments are not substantive, and they merely delayed the jury's consideration of evidence admitted at trial. We do not think section 918.07 was violated. State v. Hunter, 358 So.2d 50 (Fla. 4th DCA 1978). The judgment appealed is therefore
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] § 812.019, Fla. Stat. (1981).
[2] the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
Fla.R.Crim.P. 3.410.
[3] See generally Davis v. State, 408 So.2d 795 (Fla. 2d DCA 1982); Flowers v. State, 348 So.2d 602 (Fla. 4th DCA 1977); Randolph v. State, 336 So.2d 673 (Fla. 2d DCA 1976); Slinsky v. State, 232 So.2d 451 (Fla. 4th DCA 1970).
[4] Walt Disney World Co. v. Althouse, 427 So.2d 1135 (Fla. 5th DCA 1983); Ennis v. State, 300 So.2d 325 (Fla. 1st DCA 1974); see Degeer v. State, 349 So.2d 713 (Fla. 2d DCA 1977).
[5] Caldwell v. State, 340 So.2d 490 (Fla. 2d DCA 1976); Randolph v. State, 336 So.2d 673 (Fla. 2d DCA 1976); Holzapfel v. State, 120 So.2d 195 (Fla. 3d DCA 1960).