546 So.2d 1165 (1989)
Anthony WALKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-240.
District Court of Appeal of Florida, Third District.
August 1, 1989.
*1166 Bennett H. Brummer, Public Defender, and Harvey J. Sepler and Robert Kalter, Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Joni B. Braunstein, Asst. Atty. Gen., and Angelica D. Zayas, Certified Legal Intern, for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
The appellant, Anthony Walker, raises two issues in this appeal from his robbery conviction: 1) The motion to reduce the charge from robbery to grand theft should have been granted; and 2) the bailiff's communication with the jury caused prejudicial harm. On the first point, we agree that the State failed to prove an essential element of the robbery statute and for that reason the charge should have been reduced to theft. On the second point, we hold that the communication between the bailiff and jury, owing to its nature, did not constitute reversible error.
The facts at trial established that the victim, fifteen-year-old Angelica Cordoba, had been riding in a car driven by sixteen-year-old Kenny Kravit at approximately 10:30 p.m. when Kravit made a wrong turn and became lost in a "bad" neighborhood. Kravit's car then collided with another vehicle. After the teenagers exchanged information with the driver of the other car, a black male bystander, later identified as Anthony Walker, approached Kravit with an offer to repair the damage to Kravit's car for $50. Kravit, who was driving his parents' Cadillac and frightened at the prospect of facing his parents with the damaged vehicle, initially accepted Walker's offer. The teenagers, nevertheless, became apprehensive about the deal and informed the defendant that they had decided to have the car repaired elsewhere.
Ms. Cordoba testified that although Walker was friendly, she was upset because she had never been involved in an accident before, and she was afraid of the reputedly tough neighborhood. She stated that she became increasingly nervous as the defendant, a strange black man, moved close to her and held the car door open for her. As the defendant stood next to her, Ms. Cordoba felt his fingers on the back of her neck and then saw him run away. She reached up, touched her neck, and realized that her gold chain had been taken. Police officers subsequently arrested Walker a few blocks away.
At trial the defense counsel moved to reduce the charge from robbery to theft, arguing that until she saw the defendant in flight the victim did not know that her necklace had been taken, therefore, the taking was not accomplished by the use of fear, force, or violence as required by the robbery statute. The motion was denied *1167 and the jury returned a verdict of guilty of robbery as charged.
The crime of robbery is defined as "the taking of money or other property which may be the subject of larceny from the person or custody of another when in the course of the taking there is the use of force, violence, assault, or putting in fear." § 812.13(1), Fla. Stat. (1987). The State argues that in this case the crime was accomplished by Walker's act of putting the victim in fear. We disagree. Ms. Cordoba testified at trial that the defendant never threatened her in any way. Her testimony shows that although she may have been frightened, her fear was more a general apprehension resulting from the accident in a bad neighborhood and the physical nearness of a strange black male than from any words or gestures made by the defendant. There is no evidence that the defendant assaulted or intimidated the victim in order to steal the gold chain.
Neither was "force," within the meaning of the robbery statute, used to accomplish the taking. When the defendant snatched the chain from the victim's neck, he used only the slight degree of force necessary to take possession of the article. The victim was not held or struck. Nor did she resist in any way. In determining the degree of force necessary to convert theft into robbery in purse-snatching cases, this court has stated:
[A] sudden snatching of property from the person of another does not ordinarily constitute sufficient "force [or] violence" to satisfy [the robbery statute]. This is so because the only degree of force usually involved in such cases is the slight amount of force necessary to physically remove the property from the person of another and thus accomplish the asportation element of theft. Plainly, something more in the way of physical force is required for robbery, else all thefts from the person would be robberies.
S.W. v. State, 513 So.2d 1088, 1090 (Fla. 3d DCA 1987) (where victim was not aware that necklace was snatched until after act was accomplished, taking was not done with "force" within meaning of robbery statute). As in S.W., the force used to take the chain in this case was so slight that the victim never realized that her chain was missing until she touched her neck  after the defendant departed. On these facts, a conviction for robbery cannot stand. Compare Santiago v. State, 497 So.2d 975 (Fla. 4th DCA 1986) (evidence of force sufficient to support robbery conviction where defendant reached into victim's car and tore two necklaces from her neck with such force as to leave red marks and scratches around her neck).
Appellant's second contention is that the trial court erred in refusing to grant a mistrial after the court became aware of a communication between the bailiff and members of the jury. During deliberations the foreman of the jury had asked to see a map of the area where the crime occurred. The bailiff told the jurors that they would have to put their request in writing, adding that because no map was entered into evidence the court probably would not provide one. The jury withdrew its request. After the verdict was rendered, defense counsel became aware of the exchange between the bailiff and the jury, notified the court of the contact, and moved for a mistrial. Defense counsel argued that the conversation was improper and violated section 918.07, Florida Statutes (1987), which prohibits a bailiff from communicating with jurors on any subject connected with the trial, and Florida Rule of Criminal Procedure 3.390 which provides that only the trial court may instruct the jury on the law. On a finding that any error was harmless because the information given by the bailiff was correct, the court denied the motion. We agree that there was no reversible error.
The bailiff's advice to the jury to put its request in writing was neither an instruction on the law nor a prohibited conversation; it was more in the nature of a court directive. Irizarry v. State, 496 So.2d 822 (Fla. 1986). Furthermore, the bailiff's statement that the map was not in evidence did not violate section 918.07. After a bailiff-jury colloquy similar to that in this case *1168 the second district in Degeer v. State, 349 So.2d 713 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 129 (Fla. 1978), found no violation of section 918.07 or the rules of criminal procedure. There the bailiff told members of the jury that a certain photograph was not in evidence. The court held that "[o]ne of the bailiff's responsibilities is to see that the jury is furnished with all exhibits which are introduced into evidence. Therefore, the bailiff's response to the jury's inquiry really amounted to nothing more than the fulfillment of his obligation only to insure that the jury receive those exhibits which had been properly admitted." Degeer, 349 So.2d at 714. Although we agree with the defendant that in this case the proper procedure would have been to instruct the jury to put its request in writing, the bailiff's reply was innocuous and does not require reversal. See Crews v. State, 442 So.2d 432 (Fla. 5th DCA 1983) (section 918.07 not violated where prosecutor told jury that evidence could not be furnished until court ruled on defense counsel's objection); see generally Annotation, Communication Between Court Officials or Attendant and Jurors in Criminal Trial as Ground for Mistrial or Reversal, 35 A.L.R. 4th 890 (1985).
Because the State failed to prove the use of force or fear, an essential element of robbery, we remand with instructions to reduce the judgment of conviction to grand theft.