650 So.2d 641 (1995)
Joann R. WRIGHT and Albert Wright, her husband, Appellants,
v.
CTL DISTRIBUTION, INC., a Florida corporation, and Eduardo Santos, Appellees.
No. 93-02207.
District Court of Appeal of Florida, Second District.
February 1, 1995.
Rehearing Denied February 21, 1995.
*642 Kennan George Dandar of Dandar & Dandar, P.A., Tampa, for appellants.
Glenn Waddell of Waddell and Ready, P.A., Auburndale, for appellees.
QUINCE, Judge.
Joann R. Wright and Albert Wright (the Wrights) appeal an order denying their motion for a new trial, or in the alternative, their motion to conduct a post-trial interview based upon jury misconduct. For the reasons stated below, we reverse.
Mrs. Wright, an African-American, was involved in a motor vehicle accident with Eduardo Santos (Santos), the driver of a truck owned by CTL Distribution, Inc. (CTL). Wright brought a negligence suit against Santos and CTL for her injuries. An all-white jury returned a verdict finding Wright seventy percent negligent. The jury awarded past medical expenses and lost wages as damages.
One day after the verdict was entered, juror Laura Reardon contacted the appellants' counsel through Reardon's attorney and described jury misconduct occurring during deliberations. Reardon executed a sworn affidavit which stated that racial slurs and comments occurred during deliberations. Reardon also stated she heard several members of the jury say they did not want to award anything to Wright because she was a fat black woman on welfare who would simply blow the money on liquor, cigarettes, jai alai, bingo or the dog track.
Reardon further stated in her affidavit that several of the jurors questioned the bailiff as to whether anything concerning past pain and suffering could be added to the verdict. She said the bailiff answered the question, no, just answer the questions and don't tell him anything.
Reardon felt that the above actions did not provide Wright a fair trial. However, Reardon agreed with the unanimous verdict when she was polled by the court directly after the verdict was announced.
We find the allegations contained in the affidavit are sufficient to require further inquiry in the nature of an evidentiary hearing. *643 If any juror or the bailiff is unavailable for hearing, the appellants shall be entitled to a new trial.
In United States v. Heller, 785 F.2d 1524, 1527 (11th Cir.1986), the jurors made antisemitic jokes, told a story about a "nigger," and made other racial and ethnic slurs, some of which occurred during deliberations. Soon after deliberations began, the jury sent a question to the judge asking whether certain ethnic slurs should be addressed. The judge ordered the jury to stop deliberating. He voir dired the jury regarding the ethnic slurs and other matters. After the jurors acknowledged many instances of racial and religious slurs occurring both during trial and deliberations, the judge asked the jury if they could reach a decision based solely on the evidence and the law without bias or prejudice. All the jurors agreed they could render a fair verdict. The judge then permitted the jurors to continue deliberations. The Eleventh Circuit reversed, concluding the comments made by the jurors "displayed the sort of bigotry that clearly denied the defendant, Heller, the fair and impartial jury that the constitution mandates." Id. at 1527.
The Eleventh Circuit stated that prejudice in a judicial setting prevents the impartial decision-making that both the Sixth Amendment and fundamental fairness require. The court added, "It is inconceivable that by merely denying that they would allow their earlier prejudiced comments to influence their verdict deliberations, the jurors could have thus expunged themselves of the pernicious taint of [racism]." Id.
Similarly, the alleged racial slurs and derogatory racial comments the jurors made during deliberations in this case may have denied the appellants a fair and impartial trial. Moreover, the trial court did not even afford the appellants an opportunity to inquire of the jury regarding the alleged prejudice. The trial court simply dismissed the accusations of bigotry in Reardon's affidavit and denied the appellants' motion for new trial. At the very least, appellants must have an opportunity to determine the truth or falsity of the allegations made by Reardon.
If Reardon's allegations are true, a jury interview will not suffice due to the extreme racial comments made by the jurors. Any attempt by the jurors to characterize their racially charged comments would have no effect of erasing prejudice and bigotry so evident. Heller. It is an abuse of discretion for the trial court to refuse to declare a mistrial upon learning of juror misconduct. Id. at 1528. Accord, Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97, 99 (Fla. 1991) (mistrial mandated when jury makes vile racial, religious or ethnic slurs against party or witness during trial or jury deliberations).
The Florida Supreme Court in Powell v. Allstate Insurance Company, 650 So.2d 354 (Fla. 1995), reaffirmed the holding in its Maler decision. The court found the making of racial jokes and racially biased statements by jurors to each other to be overt acts of misconduct rather than misconduct which inheres in the verdict. Thus, section 90.607(2)(b), Florida Statutes (1993), prohibiting judicial inquiry into matters which essentially inhere in the verdict, is not violated by an inquiry of this nature.
As an additional ground of juror misconduct, Reardon's affidavit also stated that the jury questioned the bailiff on the issue of awarding past pain and suffering damages. Rather than report this activity to the judge, Reardon stated the bailiff simply answered the question. Again, without questioning the bailiff, the trial court denied relief. The appellants are entitled to a hearing on this issue. If the allegation is proven, appellants are entitled to a new trial. Holzapfel v. State, 120 So.2d 195 (Fla. 3d DCA), cert. denied, 125 So.2d 877 (Fla. 1960). Any questions from the jury must be submitted to the court and answered after consultation with counsel for both parties. § 918.07, Fla. Stat. (1991); Holzapfel, 120 So.2d at 197.
We find that the trial judge erred in not ordering a jury interview in light of the facts presented in Reardon's sworn affidavit alleging jury misconduct. We remand for the trial court to conduct such an interview. Should a juror or the bailiff be unavailable, the appellants must be afforded a new trial. *644 If the appellants are able to establish misconduct, they must be given a new trial. We find appellant's second argument without merit.
Reversed and remanded with instructions.
FRANK, C.J., and PARKER, J., concur.