FLETCHER, Judge.
Eugene Hayes, Jr. appeals his conviction and sentence of aggravated battery, perjury in official proceedings, and official misconduct. Hayes correctly argues that the trial court reversibly erred by having the bailiff present the jury with a corrected written instruction rather than recalling the jury in order for the court to itself provide the corrected instruction.
In orally instructing the jury the trial court erred by providing an incorrect instruction. After both sides pointed out the error, the trial court sought to cure it by redacting the written instruction. Unfortunately, instead of recalling the jury for reinstruction, the trial judge asked the bailiff to take the corrected written instruction in to the jury and to point out to them the correction.
Having the bailiff provide the instruction was clearly improper (only the court is to instruct the jury) regardless of the fact that the information allegedly conveyed was correct. Thomas v. State, 348 So.2d 634 (Fla. 3d DCA 1977); Caldwell v. State, 340 So.2d 490 (Fla. 2d DCA 1976); Holzapfel v. State, 120 So.2d 195 (Fla. 3d DCA 1960). Indeed, there is no way of determining from the record whether the jury actually read the corrected instruction, or what the bailiff stated, if anything, while handing it to the jury.
Because we are remanding this case for a new trial, we briefly address one other issue. While conducting the cross-examination of the witness who had executed the affidavit for issuance of an arrest warrant, the prosecutor asked if a judge had found probable cause that the defendant committed the crimes charged and the witness answered “Yes, he did.” This highly prejudicial, irrelevant information should not have been admitted.
For the foregoing reasons, we reverse and remand for a new trial.