842 So.2d 1053 (2003)
Manuel RODRIGUEZ, Appellants,
v.
STATE of Florida, Appellee.
No. 3D02-1633.
District Court of Appeal of Florida, Third District.
April 23, 2003.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Barbara A. Zappi, Assistant Attorney General, for appellee.
Before COPE, GODERICH, and RAMIREZ, JJ.
PER CURIAM.
Manuel Rodriguez appeals his conviction for aggravated assault with a deadly weapon. We reverse because appellee State of Florida improperly bolstered the victim's credibility with irrelevant testimony.
Rodriguez was charged with threatening his girlfriend with a machete during an argument. At trial, the victim testified that she asked Rodriguez to move out, an argument ensued, and he threatened to kill her while brandishing a machete. The State also elicited testimony that the victim had obtained a restraining order after the incident. The question was asked at the very end of direct examination which tended to emphasize the answer for the jury. Rodriguez testified that they argued because he was going to move out, but he did not have a machete and he did not threaten her. The only other testimony came from the deputy sheriff who took the victim's statement, interviewed Rodriguez and then made the arrest.
Rodriguez argues that testimony concerning the restraining order improperly bolstered the victim's credibility because the jury could have concluded that the judge who issued the order believed the victim's version of the incident. We agree that the testimony should not have been allowed. See Hayes v. State, 778 So.2d 400, 401 (Fla. 3d DCA 2001) (testimony that a judge had found probable cause that the defendant had committed the crimes charged was highly prejudicial, irrelevant testimony and should not have been admitted).
*1054 Additionally, in cases such as this where the case consists of a credibility contest between the victim and the defendant, the error is not harmless. See Hitchcock v. State, 636 So.2d 572, 574 (Fla. 4th DCA 1994) (when credibility determination is at the heart of the trial, the improper admission of statements bolstering the victim's testimony constitutes prejudicial error necessitating reversal); see also Perez v. State, 595 So.2d 1096 (Fla. 3d DCA 1992). Accordingly, we reverse.
Rodriguez's other arguments lack merit.
Reversed.