PARKER, Acting Chief Judge.
James Young (Young) appeals the final judgment which adjudicated him guilty of two counts of capital sexual battery on two young girls ages two and four. We affirm Young’s convictions, concluding that there was substantial competent evidence upon which the jury could find Young guilty. However, because of our concern regarding the proper use of the videotaped testimony during jury deliberations, we certify the following question of great public importance:
WHETHER FLORIDA RULE OF CRIMINAL PROCEDURE 3.400(b) AUTHORIZES THE TRIAL COURT TO ALLOW THE JURY TO TAKE VIDEOTAPED WITNESS TESTIMONY, WHICH IS RECEIVED INTO EVIDENCE, TO THE JURY ROOM FOR UNRESTRICTED REVIEW DURING DELIBERATIONS?
In the instant case, the court properly admitted the videotaped testimony of C.B. as a prior consistent statement of sexual abuse by a child. Section 90.803(23), Fla. Stat. (1989); see also Pardo v. State, 596 So.2d 665 (Fla.1992). B.B.’s videotaped testimony was admissible also as prior inconsistent testimony because there was substantial competent independent evidence which corroborated the prior testimony of the sexual battery. See Glendening v. State, 536 So.2d 212 (Fla.1988); Chambers v. State, 504 So.2d 476 (Fla. 1st DCA 1987).
During jury instructions, the court advised the jury that upon request the bailiff would provide the videotapes to the jury. Young’s attorney objected stating that it would be synonymous to providing deposition testimony to the jury. Although the record is not clear, the defense argues that the videotapes and the equipment to play the tapes were thereafter provided to the jury during deliberations, which the state does not dispute. The question that this court must answer is whether providing videotaped witness statements with equipment to play and replay those statements is reversible error.
Florida Rule of Criminal Procedure 3.400 provides:
The court may permit the jury, upon retiring for deliberation, to take to the jury room:
(a) a copy of the charges against the defendant;
*796 (b) forms of verdict approved by the court, after being first submitted to counsel;
(c) any instructions given; but if any instruction is taken all the instruction shall be given;
(d) all things received in evidence other than depositions.
Fla.R.Crim.P. 3.400(a), (b), (c), and (d). This rule does not exclude tangible exhibits with verbal contents which have been admitted into evidence. Nontestimonial exhibits with verbal content, such as recordings of criminal acts or recordings of scientific tests, are generally allowed to go into the jury room during deliberations. See, e.g., Crews v. State, 442 So.2d 432, 434 (Fla. 5th DCA 1983) (jury had right to review videotape of criminal act); State v. Lewis, 543 So.2d 760, 767 (Fla. 2d DCA 1989) (held not error for jury to review videotape of luminol testing during deliberations).
Rule 3.400(d) specifically excludes depositions. However, in our view videotaped witness testimony has much the same effect as depositions. The common law rule was that the trial court had no discretion in submitting depositions to the jury during deliberations for unsupervised review. The purpose for this exclusion was to prevent the jury from placing undue emphasis on the depositions over all of the other testimony. See Schoeppl v. Okolowitz, 133 So.2d 124 (Fla. 3rd DCA 1961) (for discussion of the common law regarding depositions in the jury room).
In Flanagan v. State, 586 So.2d 1085 (Fla. 1st DCA 1991), the court was faced with the possibility, like this case, that the jury may have reviewed without supervision the child victim’s videotaped testimony during jury deliberations. In Flanagan, harmless error was applied because of the lack of proof that the jury was provided equipment to view the videotape. However, the court noted that courts from other jurisdictions were also concerned about the prejudice that would result from unrestricted, unsupervised viewing of videotaped testimony, especially when that testimony constituted the only evidence of guilt. Flanagan, 586 So.2d at 1091.
The courts from these other jurisdictions have urged caution when faced with this issue. The Wyoming Supreme Court, in Chambers v. State, 726 P.2d 1269 (Wyo.1986), held that while it is generally preferred that a videotape be played in open court, “it is not necessarily error to allow the carefully controlled replay ... in the jury room.” Chambers, 726 P.2d at 1274-75. The court acknowledged that under common law principles when the jury requested to review the testimony the court was required to “discover the exact nature of the jury’s difficulty, isolate the precise testimony which can solve it, and weigh the probative value of the testimony against the danger of undue emphasis.” 726 P.2d at 1275. Under Wyoming law it would never be proper to reread a transcript or replay a videotape of a witness’s entire story. See § 1-11-209, Wyo.Stat. (1977).[1] See also Martin v. State, 747 P.2d 316 (Okla.Crim.App.1987) (holding that a videotape of the child’s testimony could not be submitted to the jury for its unrestricted repeated viewing during deliberations).
While Florida does not have a statute that is exactly like the Wyoming statute, we conclude that videotaped statements of witnesses require much closer scrutiny than other types of videotaped evidence admitted at trial. Further, we conclude that the better practice with videotaped witness statements is for the trial court to instruct the jury that if the jury wishes to see the evidence contained on a videotape a second time, that the trial court should alert the attorneys involved and allow those attorneys to be heard and to state any objections. See Bradley v. State, 513 So.2d 112 (Fla.1987). Next, should the trial court permit the jury to view the videotape, the replay should be under the supervi- *797 sion of the trial court in the presence of the attorneys and defendant, unless the attorneys or defendant wish to waive their appearances.
In the instant case, we affirm because we find no statute, case law, or rule which prohibits what happened in this case. While we know that the videotape and the equipment were sent to the jury room during deliberations, we do not know to what extent the jury used them. Accordingly, we cannot say that allowing the videotapes to go to the jury room contributed to the verdict, especially in light of the other substantial competent evidence of Young’s guilt.
ALTENBERND, J., concurs specially.
BLUE, J., concurs specially.

. Section 1-11-209, Wyoming Statute (1977) permits a court to refresh the jury's recollection of trial testimony under certain limited circumstances. The statute provides:
After the jurors have retired for deliberation, if there is disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court where information upon the matter of law shall be given. The court may give its recollection as to the testimony on the points in dispute, in the presence of or after notice to the parties or their counsel.