645 So.2d 965 (1994)
James Dale YOUNG, Petitioner,
v.
STATE OF Florida, Respondent.
No. 82461.
Supreme Court of Florida.
October 20, 1994.
Rehearing Denied December 9, 1994.
*966 James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Katherine V. Blanco, Tampa, and Wendy S. Morris, Tallahassee, Asst. Attys. Gen., for respondent.
GRIMES, Chief Justice.
We review Young v. State, 624 So.2d 794 (Fla. 2d DCA 1993), in which the court certified the following question of great public importance:
WHETHER FLORIDA RULE OF CRIMINAL PROCEDURE 3.400(b) AUTHORIZES THE TRIAL COURT TO ALLOW THE JURY TO TAKE VIDEOTAPED WITNESS TESTIMONY, WHICH IS RECEIVED INTO EVIDENCE, TO THE JURY ROOM FOR UNRESTRICTED REVIEW DURING JURY DELIBERATIONS?
Id. at 795. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Young was charged with two counts of capital sexual battery on two young girls, B.B. and C.B., ages two and four. During the trial, the videotaped Child Protection Team interviews of the girls were admitted into evidence and viewed by the jury. B.B. and C.B. also testified in person at the trial. During the jury charge, the jury was advised that the evidence admitted at trial would be left in the courtroom. The jurors were instructed that if they wished to inspect any of the evidence they should let the bailiff know, and in the case of the videotape, he would play it back for them. Young objected, arguing that this would be equivalent to allowing the jury to recall a witness and having the witness retestify. Young asserts that at some point during deliberation the jury had the bailiff bring the videotapes and video equipment into the jury room. The State does not contest this assertion. Young was found guilty of two counts of capital sexual battery and was sentenced to life in prison.
The district court of appeal affirmed Young's conviction. The court stated:
In the instant case, we affirm because we find no statute, case law, or rule which prohibits what happened in this case. While we know that the videotape and the equipment were sent to the jury room during deliberations, we do not know to what extent the jury used them. Accordingly, we cannot say that allowing the videotapes to go to the jury room contributed to the verdict, especially in light of the other substantial competent evidence of Young's guilt.
Young, 624 So.2d at 797. However, because of its concern regarding the proper use of videotaped interviews during jury deliberations, the court then certified the question quoted above.
Florida Rule of Criminal Procedure 3.400 provides:
The court may permit the jury, upon retiring for deliberation, to take to the jury room:
(a) a copy of the charges against the defendant;
(b) forms of verdict approved by the court, after first being submitted to counsel;
(c) any instructions given; but if any instruction is taken all the instructions shall be taken;
(d) all things received in evidence other than depositions.
The policy underlying the exclusion of depositions from the jury room is to prevent *967 the jury from placing undue emphasis on the deposition over the oral testimony presented at trial. See Schoeppl v. Okolowitz, 133 So.2d 124, 127 (Fla. 3d DCA 1961). Clearly, videotaped depositions introduced into evidence would fall within this proscription.
While rule 3.400 does not specifically address videotapes in the jury room, we doubt that when the rule was drafted in 1967 anyone could have foreseen that video technology would become such a widely utilized evidentiary tool. At the outset, it is advisable to differentiate between testimony presented at trial by way of video and videotapes of previous interviews which are introduced into evidence at the trial. For example, certain child victims and witnesses are now permitted to testify at trial via videotaped testimony. § 92.53, Fla. Stat. (1993). In addition, the prior statements of child victims of abuse or sexual misconduct may be introduced at the trial under certain circumstances, and videotapes are often employed for this purpose. § 90.803(23), Fla. Stat. (1993). If depositions read into evidence in lieu of live testimony cannot be taken to the jury room, there is all the more reason to preclude video presentations of live testimony from being taken to the jury room. Therefore, we have no doubt that trial testimony presented by way of videotape should not be permitted in the jury room. Should the jury wish to see such video testimony again, the court may consider this as it would with respect to any other request to have testimony reread. See Fla.R.Crim.P. 3.410.
The more difficult issue which is presented in the instant case is whether the jury should be permitted to have access to the videotapes of the children's interviews during its deliberations because these videotapes were introduced into evidence and not presented in lieu of live testimony. Nontestimonial exhibits with some verbal content are generally allowed to go into the jury room during deliberations. See, e.g., State v. Lewis, 543 So.2d 760, 767 (Fla. 2d DCA) (no error for jury to review videotape of luminol testing during deliberations), review denied, 549 So.2d 1014 (Fla. 1989); Crews v. State, 442 So.2d 432, 434 (Fla. 5th DCA 1983) (jury had right to review videotape of criminal act). Further, because written confessions traditionally have been permitted in the jury room, most courts have held that the trial judge has the discretion to allow jurors to listen to audiotapes of confessions during their deliberations. See Jonathan M. Purver, Annotation, Permitting Documents or Tape Recordings Containing Confessions of Guilt or Incriminating Admissions to be Taken Into Jury Room in Criminal Case, 37 A.L.R.3d 238 (1971). Presumably, the same rule would be applicable to videotaped confessions.
We see a significant distinction between videotaped confessions and videotapes of interviews of children suspected of having been sexually abused. Confessions are statements against the declarant's interest which are only permitted into evidence after a determination that they have been freely and voluntarily given. When introduced to prove sexual abuse, the videotaped interviews of children are self-serving in the sense that they are testimonial in nature and assert the truth of the children's statements. They are more akin to depositions de bene esse in which testimony is preserved for later introduction at the trial.
We share the view of the district court of appeal that allowing a jury to have access to videotaped witness statements during deliberations has much the same prejudicial effect as submitting depositions to the jury during deliberations. By permitting the jurors to see the interview once again in the jury room, there is a real danger that the child's statements will be unfairly given more emphasis than other testimony. Furthermore, unlike testimony in open court or even deposition testimony, the interviews are conducted on an ex parte basis without the right of cross-examination. Thus, we hold that videotaped out-of-court interviews with child victims introduced into evidence under section 90.803(23) shall not be allowed into the jury room during deliberations.[1] When *968 faced with a similar issue, the Supreme Court of Wyoming reached the same conclusion. Chambers v. State, 726 P.2d 1269 (Wyo. 1986). Contra State v. Kraushaar, 470 N.W.2d 509 (Minn. 1991); State v. Jennings, 815 S.W.2d 434 (Mo. Ct. App. 1991). Our ruling would not prevent the trial judge from allowing the jury to view the videotape a second time in open court upon request pursuant to rule 3.410.
We do not suggest that allowing the videotape to go to the jury room was fundamental error. However, Young's counsel objected to permitting the jury to view the videotape of the children's statements during deliberations. We cannot find the error to be harmless. Thus, we quash the decision below and remand for a new trial.
It is so ordered.
OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Because of its broad language, we have chosen not to specifically respond to the certified question.