721 So.2d 333 (1998)
Manuel A. CAMPOAMOR, Jr., Virginia Campoamor, Gina Campoamor, Leonor Campoamor Magann, and Manuel A. Campoamor, III, a minor, by and through his next friend and father, Manuel A. Campoamor, Jr., Appellants,
v.
BRANDON PEST CONTROL, INC., a Florida corporation, Lloyd M. Tuchon, Jr., and Charles Morgan, individually, jointly, and severally, Appellees.
BRANDON PEST CONTROL, INC., a Florida corporation, Lloyd M. Tuchon, Jr., and Charles Morgan, individually, jointly, and severally, Appellants,
v.
Manuel A. CAMPOAMOR, Jr., Virginia Campoamor, Gina Campoamor, Leonor Campoamor Magann, and Manuel A. Campoamor, III, a minor, by and through his next friend and father, Manuel A. Campoamor, Jr., Appellees.
Nos. 96-02731, 97-01716.
District Court of Appeal of Florida, Second District.
October 7, 1998.
Rehearing Denied November 19, 1998.
*334 Dominick J. Graziano and R. Adam Carnegie of Hearne Graziano & Nader, P.A., Tampa, for the Campoamors.
David B. Moffett and Robert J. Egan of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Brandon Pest Control, Inc., Lloyd M. Tuchon, Jr., and Charles Morgan.
PATTERSON, Acting Chief Judge.
In case number 97-02731, the Campoamor family appeals from an adverse jury verdict in their suit for damages arising from the termite treatment of their home by appellees Brandon Pest Control, Inc., Lloyd M. Tuchon, Jr., and Charles Morgan. We reverse because a demonstrative videotape was improperly admitted into evidence and then allowed to be replayed by the jury during their deliberations.
Manuel A. Campoamor, Jr., and Virginia Campoamor, his wife, are the owners of a single family residence in Brandon, Hillsborough County. Gina Campoamor and Manuel A. Campoamor, III, are their children residing with them. Another daughter, Leonor Campoamor Magann, was visiting her parents' home on the date of the termite treatment.
Mr. and Mrs. Campoamor contracted with Brandon Pest Control for the extermination of subterranean termites at their residence. Charles Morgan and Lloyd M. Tuchon, Jr., are employees of Brandon Pest Control. On July 21, 1993, Morgan arrived at the residence with his equipment and proceeded with the extermination process. The Campoamors alleged that Morgan was negligent in the application of the pesticide, resulting in the interior of the residence being contaminated with the chemical. Leonor Campoamor Magann, who was eight months' pregnant at the time, became ill and collapsed in her parents' home while Morgan was injecting the pesticide. She and other members of the family claimed that the pesticide application caused them to suffer from respiratory diseases. Family members claimed a variety of damages normally associated with an action for personal injury, depending on their varying degrees of exposure to the chemical within the residence. In addition, Mr. and Mrs. Campoamor made a claim for property damages to their home.
The case proceeded to jury trial. The defense produced a videotape of approximately fifteen minutes' duration, which had been taken at the Campoamors' residence. In this tape, Morgan demonstrates his extermination equipment and then circles the residence, pointing out holes in the foundation which he had drilled and explaining what he had done on the date in question. The pesticide is properly applied by drilling a hole at an angle through the exterior wall of the house into the subsoil beneath the slab. The pesticide is then injected through the hole into the subsoil, poisoning the termites. The videotape is essentially a self-serving videotape deposition without the benefit of the opposing party participating. Interspersed throughout the videotape are computer-produced animations depicting the drilling and injection process done in the proper manner. Also appearing at various locations are printed statements beginning with "Mr. Morgan does ..." followed by Morgan's narration. The videotape concludes with an animation of *335 a workman kneeling and injecting the pesticide in the proper manner. This animation is preceded by the caption, "Mr. Morgan injects into drilled holes." We have viewed the videotape and find it to be patently deceptive and prejudicial in light of the entirety of the conflicting evidence. It was error to admit the videotape into evidence. See Aetna Cas. & Surety Co. v. Cooper, 485 So.2d 1364 (Fla. 2d DCA 1986).
This error was compounded when the trial judge, at the request of the jury, permitted the videotape and a video player to be sent into the jury room during deliberations. Testimony presented by way of videotape is not permitted in the jury room. See Young v. State, 645 So.2d 965 (Fla.1994). This error would have required reversal in and of itself, even if the videotape had been properly admitted into evidence.
Case number 97-01716, wherein Brandon Pest Control, Lloyd M. Tuchon, Jr., and Charles Morgan contest the trial court's rulings on their requests for the award of attorney's fees and costs, was consolidated with this case for the purpose of oral argument. We now formally consolidate case number 97-01716 with this case for the purpose of this opinion and dismiss it because the issues raised therein are rendered moot by this opinion.
Reversed and remanded for new trial.
ALTENBERND and WHATLEY, JJ., concur.