723 So.2d 319 (1998)
Tyrel JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04290.
District Court of Appeal of Florida, Second District.
December 2, 1998.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
We affirm appellant's convictions for burglary, sexual battery, and kidnaping. We write, however, to express our concern regarding certain comments that the trial court made in the jury's presence.
During the trial, the State introduced the taped statement of one of appellant's codefendants into evidence. Immediately prior to the playing of the tape to the jury, the trial court stated:
I'll direct the court reporter does not need to transcribe the tape or what's on the tape and I know the appellate courts don't like me to say that, but since the tape is in evidence and the appellate courts can get access to the tape and both of them, that I don't think we need a transcript of it from this court reporter and I'll direct that she does not have to take it down.
Appellant argues that this statement indicates a belief, by the trial court, in the guilt of appellant. There was no contemporaneous objection to the statement and any error was, therefore, waived unless it can be deemed to be fundamental error. See Chandler v. State, 702 So.2d 186 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1535, 140 L.Ed.2d 685 (1998) (holding that claim regarding improper prosecutorial argument barred on appeal where the defendant did not contemporaneously object and move for mistrial and comments did not constitute fundamental *320 error). In this case, it is speculation that the jury would interpret the trial court's comment as being one on appellant's guilt, as appellant suggests, and the comment does not rise to the level of fundamental error. Furthermore, if there had been an objection and motion for mistrial, the comment would have been harmless error because the evidence of guilt in this case was overwhelming. We would, however, discourage all such comments in the future.
We also do not understand the trial court's reasoning for ordering the court reporter not to transcribe the tape. Appellant objected to certain statements of the codefendant in the tape which implicated appellant in the offenses in violation of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). After appellant objected, the tape was again played for the jury with the statements implicating appellant redacted from the tape. Appellant supplemented the record with a transcript of the redacted tape but was unable to provide us with a copy of the tape as it was originally played to the jury. The trial court's instruction that the tape not be transcribed saved neither money nor labor, and it made it extremely difficult for this court to engage in an intelligent review of the record. Appellant argues that we should reverse his convictions on this very basis. In a different situation, the fact that the trial court prevented a defendant from providing a complete transcript of all the evidence presented to the jury may require reversal. However, in this case, as noted, appellant challenged the redacted portions of the tape on Bruton grounds and such a violation is subject to a harmless error analysis. See Farina v. State, 679 So.2d 1151 (Fla.1996), receded from on other grounds, Franqui v. State, 699 So.2d 1312 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1582, 140 L.Ed.2d 796 (1998). Appellant's own statements, introduced into evidence during the State's case, placed him at the scene and a friend testified that he told her he had raped the victim with a plunger.
Affirmed.
PARKER, C.J., and CASANUEVA, J., and DANAHY, PAUL W. (Senior) Judge, concur.