749 So.2d 511 (1999)
Alejandro JASSAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-01221.
District Court of Appeal of Florida, Second District.
July 2, 1999.
Rehearing Denied August 19, 1999.
Marisa Tinkler Mendez, Coral Gables, for Appellant.
*512 Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Following a jury trial, Alejandro Jassan was convicted of two counts of sexual battery on a child under the age of twelve years. Mr. Jassan asserts the trial court committed three errors during his trial. We affirm his conviction without discussion of two issues and review only his primary contention that it was error to allow a videotape of the child victim's statement to go to the jury during their deliberations.
After closing argument, the trial court inquired of both counsel whether it would be appropriate to provide the jurors the exhibits admitted at trial for use in their deliberations. Among the exhibits specifically identified by the trial court to counsel was exhibit seven, a videotape of the alleged child victim's statement. Neither party objectedin fact, the defense stipulated to the delivery of the videotape to the jury room. Mr. Jassan now claims the providing of the videotape was fundamental error.
Because videotaped interviews with child victims, when introduced to prove allegations of sexual abuse, are self-serving, testimonial, and deny an accused the right of cross-examination, they are not permitted in jury rooms during deliberations. See Young v. State, 645 So.2d 965 (Fla.1994). Therefore, it was error to deliver the tape to the jurors. In the absence of a contemporaneous objection, however, we are required to hold that this issue has not been preserved for appellate review. See Chandler v. State, 702 So.2d 186 (Fla.1997), cert. denied, 523 U.S. 1083, 118 S.Ct. 1535, 140 L.Ed.2d 685 (1998); Jackson v. State, 723 So.2d 319 (Fla. 2d DCA 1998).
Recognizing this procedural impediment, Mr. Jassan's counsel further argues that Mr. Jassan is entitled to a new trial because the error is fundamental. Where fundamental error exists, an appellate court may grant a new trial. See Hagan v. Sun Bank of Mid-Florida, N.A., 666 So.2d 580 (Fla. 2d DCA 1996). A fundamental error is one that undermines the confidence in the trial outcome and goes to the very foundation of a case. Often, it is the equivalent of a denial of due process. See Hopkins v. State, 632 So.2d 1372 (Fla.1994). Cases reviewing this type of error, however, such as Young and Tullis v. State, 716 So.2d 819 (Fla. 5th DCA 1998), have held that delivery of the victim's videotaped statement to the jury may be harmful and prejudicial but not fundamental error. We reach the same conclusion and decline to award a new trial on this basis.
Finally, Mr. Jassan has asked us to determine, in the absence of a motion for post-conviction relief, that Mr. Jassan's trial counsel was ineffective and, pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to award a new trial. Only in rare instances, where counsel's egregious conduct is clearly demonstrable from the record and when it would be a waste of judicial resources for the trial court to address the issue in another proceeding, has this court granted such relief. See Ross v. State, 726 So.2d 317 (Fla. 2d DCA 1998). Here, although other errors regarding counsel's performance were suggested at oral argument, we determine that these issues should be raised by an appropriate motion for postconviction relief. Upon a proper record, the reviewing court, be it trial or appellate, can ascertain whether counsel's performance was deficient and resulted in a prejudice similar to the harmful error noted in both Young and Tullis.
Affirmed.
PARKER, A.C.J., and STRINGER, J., Concur.