878 So.2d 458 (2004)
Philip Bradford THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1513.
District Court of Appeal of Florida, Fifth District.
July 23, 2004.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Philip Bradford Thomas appeals from the judgment and sentence imposed upon him after a jury found him guilty of First Degree Murder. We affirm the judgment and sentence on the merits in all respects, *459 but comment briefly on two matters raised by Mr. Thomas.
First, Mr. Thomas argues that the trial court erred in failing to grant a motion to suppress his two videotaped confessions. The trial judge found, however, that Mr. Thomas reinitiated a discussion with law enforcement officers after they had ceased questioning him pursuant to his request to talk to an attorney. In matters concerning the suppression of evidence, the trial judge sits as the trier both of fact and of law. The court's determinations with respect to factual questions must be accepted by a reviewing court if the record supports the finding. See Lecorn v. State, 832 So.2d 818, 819 (Fla. 5th DCA 2002); State v. Garcia, 431 So.2d 651 (Fla. 3d DCA 1983). Here, there is substantial competent evidence underpinning the trial judge's factual finding.
Mr. Thomas also asserts that the trial court erred in sending a video cassette recorder into the jury room so that the jury could view the video tape of his confessions during its deliberations. The videotaped confessions of Mr. Thomas had been published to the jury and admitted into evidence. After the jury retired to consider its verdict, the jury sent a written request for a VCR in order to view the confessions during deliberations. Over the objection of Mr. Thomas, the trial judge allowed a VCR to be brought into the jury deliberation room.
As support for his argument that the trial court erred, Mr. Thomas cites Young v. State, 645 So.2d 965 (Fla.1994). In Young the Florida Supreme Court held that videotaped depositions should not be allowed in the jury room because of the danger of the jury placing undue emphasis on the deposition over the oral testimony presented at trial. Id. at 966-967. The depositions had not been admitted into evidence. Likewise, the court concluded that videotapes of out-of-court interviews of children suspected of having been sexually abused should also not be allowed in the jury room during deliberations because there is a "real danger that the child's statements will be unfairly given more emphasis than other testimony." Id. at 967. In addition, the court expressed concern because such interviews are conducted ex parte, and without being subjected to cross-examination.
The high court drew a careful distinction with respect to taped confessions, however. It noted, first, that because written confessions have traditionally been permitted in the jury room, courts generally have held that the trial judge has the discretion to allow jurors to listen to audiotapes of confessions during their deliberations. Confessions are statements against the declarant's interest, and are admitted only after the trial court has determined that they were freely and voluntarily given. The court then said, more specifically, "Presumably, the same rule would be applicable to videotaped confessions." Young, 645 So.2d at 967.
We conclude, therefore, that whether to allow a jury to have access to a videotaped confession in the jury room is within the sound discretion of the trial judge. Here, we find no abuse of that discretion.
AFFIRMED.
SAWAYA, C.J., and SHARP, W., J., concur.