CLARK, J.
 

 Eugene Lucas appeals from the judgment and sentence imposed after a jury found him guilty of First Degree Murder and Attempted First Degree Murder. The only issue raised on appeal which merits comment is Mr. Lucas’ claim that the trial court erred in sending a video cassette player into the jury room during deliberations, to enable the jury to Anew an exhibit in evidence — the videotape of his voluntary statement to the police.
 

 The video recording was played for the jury during trial, transcribed by the court reporter into the record, and the videotape itself was admitted into evidence. Mr. Lucas testified on his own behalf at trial. Over the objection of Mr. Lucas, the trial judge provided the jury Avith the means to review the videotaped statement in the jury room.
 

 The videotaped statement was not a deposition or out-of-court Avitness testimony. It was thus not excepted from the general rule allowing things received in evidence to be taken to the jury room under Florida Rule of Criminal Procedure 3.400(a)(3) and
 
 Young v. State,
 
 645 So.2d 965 (Fla.1994). Mr. Lucas’ statement was against his interest, contained admissions of fact and details of the crimes, and there was no question that the statement was freely and voluntarily given after Mr. Lucas acknowledged his constitutional rights. The police statement was not a substitute for Mr. Lucas’ live testimony at trial. Compare
 
 Barnes v. State,
 
 970 So.2d 332 (Fla.2007) (written transcript of defendant’s testimony in previous trial not properly allowed in jury room as exhibit for second trial; jury might question defendant’s decision not to testify in second trial).
 

 The statement Mr. Lucas gave to the police was a confession. As was the case in
 
 Thomas v. State,
 
 878 So.2d 458 (Fla. 5th DCA 2004), the trial court’s decision to allow the jury to have access to the videotaped confession in the jury room was Avithin the court’s sound discretion and there was no abuse of that discretion.
 

 AFFIRMED.
 

 BENTON and VAN NORTWICK, JJ, concur.