ALTENBERND, Judge.
Jose Ruiz appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse because the fact that Mr. Ruiz raised an issue as unpre-served error on direct appeal does not prevent him from claiming in a postconviction proceeding that his trial counsel had been ineffective for failure to preserve the issue.
In 2010, a jury convicted Mr. Ruiz of multiple offenses involving sexual misconduct with a young child. His convictions include three counts of sexual battery on a child under the age of twelve, for which he is serving sentences of life without possibility of parole.
It is undisputed that during their deliberations, the trial court allowed the jury to possess and view a lengthy videotaped interview of the child victim conducted by a member of a child protection team. The jury received the tape and the machinery to view the tape without objection from Mr. Ruiz’s counsel. This occurred despite the fact that many years earlier, the supreme court expressly held that such tapes should not be allowed into the jury room during deliberations. See Young v. State, 645 So.2d 965 (Fla.1994).
In his motion for postconviction relief, Mr. Ruiz cited Young and argued that his lawyer was ineffective because he failed to object to the use of the videotape by the jury during deliberations. The postconviction court prudently ordered a response from the State.
The State responded, claiming that the issue had been raised on direct appeal. The response asserted that Mr. Ruiz was not entitled to raise this issue in postcon-viction proceedings given that it had been resolved against him on appeal. The response recited that the briefs were attached. It discussed the issue raised by Mr. Ruiz on direct appeal, but it did not discuss the State’s answer. We do not know whether the briefs were actually attached to the State’s response, but in the record on appeal they are not attached to that response or to the postconviction court’s order. The postconviction court summarily denied Mr. Ruiz’s motion, relying on the State’s response. Mr. Ruiz appealed.
On appeal, Mr. Ruiz primarily argues that the order should be reversed because the postconviction court did not attach the referenced briefs. Given that the briefs are in the records of this court, we took judicial notice of them.
The State’s response in the trial court is accurate in representing that Mr. Ruiz raised this issue on appeal and that this court affirmed the direct appeal without an opinion. See Ruiz v. State, 88 So.3d 164 (Fla. 2d DCA 2011) (table decision). *696 But the State did not reveal to the post-conviction court the content of the State’s short answer brief. The State’s brief did not even attempt to argue that the trial court properly submitted the videotape to the jury for use during its deliberations. Rather, the State’s argument was: “While the State agrees that the Florida Supreme Court has held that a recording of a child victim’s CPT interview should not be allowed into the deliberation room, it is the State’s position, nevertheless, that the claim on review was not properly preserved.” Relying on Steinhorst v. State, 412 So.2d 332 (Fla.1982), the State argued that this court had no authority to reverse the judgments despite the error. This position had merit, in part, because the supreme court in Young had held that this error is not fundamental. 645 So.2d at 968.
It is well established that an affir-mance of a direct appeal on an unpre-served issue does not bar a defendant from seeking postconviction review under a claim of ineffective assistance of counsel. See, e.g., Harris v. State, 826 So.2d 340, 341 (Fla. 2d DCA 2002); Scholtes v. State, 27 So.3d 175, 176 (Fla. 4th DCA 2010). Accordingly, the postconviction court erred in denying this motion summarily.
We note that the issue on remand is not whether Mr. Ruiz would have received a new trial in his direct appeal if counsel had preserved the issue of the trial court allowing the child victim’s taped statement to go to the jury room. The issue on remand is whether counsel’s failure to object and preserve the issue prejudiced Mr. Ruiz. In order to establish prejudice, Mr. Ruiz must establish that the result of the trial proceedings would have been different. See, e.g., State v. Bouchard, 922 So.2d 424, 430 (Fla. 2d DCA 2006) (“[I]n evaluating prejudice, the Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),] standard focuses on the effect of the deficient performance on the reliability of the outcome in the proceeding in which the deficient performance occurred rather than on whether counsel’s deficient performance in the trial court affected the defendant’s appellate rights.”). Given this complexity, it may be helpful if the post-conviction court appoints counsel to assist Mr. Ruiz on remand.
Accordingly, we reverse the order summarily denying Mr. Ruiz’s motion for post-conviction relief and remand for further proceedings.
Reversed and remanded.
DAVIS and CRENSHAW, JJ., Concur.