NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SHANE OTERO,                              )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D14-565
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____ )

Opinion filed July 1, 2015.

Appeal from the Circuit Court for Sarasota
County; Donna Padar Berlin, Judge.

Charles E. Lykes, Jr., Clearwater, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

        Shane Otero was convicted of capital sexual battery, lewd and lascivious

molestation, and attempted lewd and lascivious molestation.  He later sought relief from

the convictions pursuant to Florida Rule of Criminal Procedure 3.850, raising ten claims.

We affirm the denial of Otero's claims without further comment, with one exception.

In claim 1, Otero alleged ineffective assistance when defense counsel failed to object, and in fact agreed, to the jury's viewing of the victims' videotaped interviews in the jury room during its deliberations.  In Young v. State, 645 So. 2d 965, 967 (Fla. 1994), the supreme court held that such videotaped interviews should not be allowed into the jury room because of the "real danger that the child's statements will be unfairly given more emphasis than other testimony."  The proper response to a jury's request to view a taped interview is to replay it in open court.  Id. at 968.

The postconviction court summarily denied this claim, observing that defense counsel had been granted a standing objection on this issue.  But in motions for reconsideration, Otero pointed out that the standing objection related to the jury's viewing of the recordings, not to the location of the viewing.  In fact, defense counsel agreed that if the court allowed the jurors to view the interviews, they could do so in the jury room.  In the final order, the postconviction court denied relief on this claim, holding that "the parties stipulated that the videotape could go back to the jury room."  Of course, defense counsel's stipulation to that procedure was the very basis of Otero's ineffective assistance claim.

As this court has explained in a case with similar facts, the issue is whether Otero was prejudiced by counsel's agreement to a procedure that has been disapproved by the supreme court.  See Ruiz v. State, 108 So. 3d 694, 696 (Fla. 2d DCA 2013) (reversing summary denial of ineffective assistance claim based on counsel's failure to object to videotape of child victims being sent to jury room during deliberations).  Under Strickland v. Washington, 466 U.S. 668, 694 (1984), prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." Because the postconviction court summarily denied this claim, we have a limited record that does not include information bearing on the issue of prejudice, e.g., the content of the recorded interviews, the content of the victims' in-court testimony, or the time that elapsed between the jury's receipt of the videotapes and its verdict. We reverse the summary denial of relief on this claim and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.


LaROSE and SALARIO, JJ., Concur.