DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRANDON THORNE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-4028

[ August 19, 2015 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William Roby, Judge; L.T. Case No. 432009CF001530B.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchel A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

BOORAS, TED, Associate Judge.

Appellant, Brandon Thorne, was acquitted of first degree murder and robbery with a weapon while wearing a mask, but was found guilty of being an accessory after the fact to these crimes. Appellant argues that the trial judge committed fundamental error when he gave the jury a laptop with videos of appellant's statements to review in the jury room during deliberations, without being present during the jury's playback of the statements. We disagree and affirm.

A trial court's determination on whether to permit the jury to take materials into the jury room is reviewed on appeal for abuse of discretion. *Partin v. State*, 82 So. 3d 31, 43-44 (Fla. 2011).

Appellant relies upon case law involving violations of a defendant's fundamental right to the presence of the judge during trial. *See, e.g., Bryant v. State*, 656 So. 2d 426, 428 (Fla. 1995) ("The presence of a judge, who will insure the proper conduct of a trial, is essential to the state and federally guaranteed rights of trial by an impartial jury."); *Brown v. State*,

538 So. 2d 833, 836 (Fla. 1989) ("[C]ommunications from the jury must be received by the trial judge in person and … the absence of the judge when a communication is received and answered is reversible error.").

Appellant's argument is inapplicable to the case at bar. This was not a case where the judge was absent during a readback of testimony or during a communication with the jury. Here, the jury's review of videos of appellant's statements occurred during the jury's *private* deliberations, not during a part of the trial where the judge's presence was mandatory.

Florida Rule of Criminal Procedure 3.400(a)(3) states that "[t]he court may permit the jury, upon retiring for deliberation, to take to the jury room … all things received in evidence other than depositions." Additionally, Florida courts have held that nontestimonial exhibits with some verbal content generally are allowed to go into the jury room during deliberations. *See Young v. State*, 645 So. 2d 965, 967 (Fla. 1994) ("[B]ecause written confessions traditionally have been permitted in the jury room, most courts have held that the trial judge has the discretion to allow jurors to listen to audiotapes of confessions during their deliberations.").

Following *Young*, appellate courts have held that a trial court's decision to allow the jury to have access to the defendant's videotaped confession in the jury room is not an abuse of discretion. *See Lucas v. State*, 34 So. 3d 195, 196 (Fla. 1st DCA 2010); *Thomas v. State*, 878 So. 2d 458, 459 (Fla. 5th DCA 2004). Thus, the trial court properly acted within its discretion when it permitted the jury, during deliberations, to take to the jury room a laptop containing appellant's videotaped statements, which had been entered into evidence.

Appellant's reliance on this court's opinion in *Harbaugh v. State*, 711 So. 2d 77 (Fla. 4th DCA 1998), is misplaced. There, we reversed the defendant's DUI conviction, holding that the attorneys' playing of a videotape of the traffic stop for the jury during deliberations was part of the trial at which the judge's presence was mandatory. We explained that "a trial judge is required to be present at *any aspect of the trial where the lawyers or the parties are in extended contact with the jury*, unless the defendant himself makes a sufficient waiver on the record of the judge's presence." 711 So. 2d at 80 (emphasis added). Although we acknowledged that videotapes entered into evidence may properly be taken into the jury room under rule 3.400, we explained that the rule "does not contemplate that the lawyers would be in the jury room with the jurors handling the evidentiary items to which the rule applies." *Id.* at 81. Here, the lawyers did not go into the jury room to play any videos or otherwise handle any evidentiary items for the jury.

2

In this case, the trial judge was never absent from any aspect of the trial where the lawyers or the parties were in extended contact with the jury. We therefore find that the trial court's decision to allow the jury to have access to appellant's videotaped statements in the jury room during its *private* deliberations was within the court's sound discretion.

As to the remaining issue raised by appellant, we affirm the admission of the evidence of collateral acts without further comment.

*Affirmed.*

CIKLIN, C.J., and CONNER, J., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

3