[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12254
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-00844-GKS-TBS

GEORGE C. SNEATHEN,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 9, 2019)

Before WILLIAM PRYOR, GRANT and ANDERSON, Circuit Judges.

PER CURIAM:

George C. Sneathen, a Florida prisoner, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Sneathen petitioned for relief from his convictions for the sexual battery of and for the lewd and lascivious molestation of M.G., Fla. Stat. §§ 794.011(2), 800.04(5)(b), after the Florida courts rejected his *pro se* postconviction motion challenging the effectiveness of his trial counsel, Fla. R. Crim. P. 3.850. We granted Sneathen a certificate of appealability to address two issues: whether the district court erred by rejecting as procedurally defaulted Sneathen's claim that trial counsel was ineffective for failing to object when the trial court sent a video recording of M.G.'s interview to the jury room; and whether the district court erred by treating the per curiam affirmance of Sneathen's convictions on direct appeal as an adjudication of his evidentiary issue that defeated his claim that trial counsel was ineffective for failing to object to hearsay evidence as unduly prejudicial. We affirm the latter decision of the district court. But because Sneathen has cause to excuse his failure to exhaust his claim concerning trial counsel's failure to object to M.G.'s interview and that claim is substantial, we vacate the order denying that claim and remand for further proceedings. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012).

## I. BACKGROUND

A Florida grand jury charged Sneathen, M.G.'s brother-in-law, in a four-count indictment for committing sexual battery by having "his penis penetrate or

2

have union with the mouth of [M.G.]" and by having sex with M.G., Fla. Stat. § 794.011(2), and for committing lewd and lascivious molestation by "touch[ing] or fondl[ing] the sexual organ of [M.G.]" and by "forc[ing] or entic[ing] [M.G.] . . . to touch [his] penis," *id.* § 800.04(5)(b). The state notified Sneathen that M.G.'s mother, a deputy sheriff, an investigator of the Department of Children and Families, and a forensic interviewer on the Child Protection Team would testify regarding out-of-court statements that M.G. made about the abuse. Sneathen objected. He argued that the hearsay statements were unreliable, *see* Fla. Stat. § 90.803(23), and that admission of the statements would violate his right of confrontation under the Sixth Amendment because M.G. was available as a witness. Sneathen also moved *in limine* to exclude the hearsay testimony as prior consistent statements that were inadmissible to bolster M.G.'s testimony. And Sneathen moved to have M.G. declared incompetent to testify. The trial court overruled all of Sneathen's objections and admitted the statements of the hearsay witnesses under the statutory exception for hearsay statements of young abuse victims, Fla. Stat. § 90.803(23).

Before the state called its first witness, Sneathen objected to "any hearsay witness" as "bolstering and cumulative" and referred to four cases he had submitted to the trial court. Three of the cases discussed the requirements for admissibility of a child's hearsay statements under section 90.803(23) and the right

3

of a defendant to move separately to exclude the statements as unduly prejudicial under section 90.403 of the Florida Statutes. *See Pardo v. State*, 596 So. 2d 665 (Fla. 1992); *Garcia v. State*, 659 So. 2d 388 (Fla. Dist. Ct. App. 1995); *Perry v. State*, 593 So. 2d 620 (Fla. Dist. Ct. App. 1992). In the fourth case, an appellate court concluded that the defendant failed to preserve his undue prejudice challenge to a child's hearsay statements by failing to object to or move to strike the statements on a ground specified in section 90.403. *Anderson v. State*, 598 So. 2d 276, 277 (Fla. Dist. Ct. App. 1992). The trial court overruled Sneathen's objections and allowed M.G.'s mother, the deputy sheriff, the investigator, and the forensic interviewer to repeat M.G.'s out-of-court statements about Sneathen's abuse.

Seven-year-old M.G. testified that the highest number she could think of was 100 and that, more than once while staying overnight with her sister, Sneathen touched her front part with his mouth and with his hands, but not with other parts of his body, and that she touched his penis with her hands, but she never saw his penis. On cross-examination, M.G. testified that Sneathen never put his finger or penis inside her, that she had a hard time remembering what the truth was, and that her mom had talked to her a lot about what to say in court. After the trial court excused M.G., Sneathen played an excerpt of M.G.'s deposition in which she said that Sneathen's mouth never touched her "private part" and her mouth never touched his "private part."

4

Before the state played the video recording of M.G.'s interview, Sneathen "renew[ed] [his] objection." He argued to exclude the interview as improper bolstering, cumulative, "contrary to [M.G.'s] cross-examination," and prejudicial. During the interview, M.G. said that Sneathen undressed and removed her clothes and that he touched her vagina with his penis and his finger 100 times. M.G. also said that Sneathen made her touch his penis, but she did not know what body part she used to touch him, and that Sneathen put his penis inside her.

The state also introduced a video recording of Sneathen's custodial interview during which he described three incidents involving M.G. Sneathen stated that M.G. woke him one time by touching his penis and he pushed her away while telling her she could not do that. Sneathen explained that he attributed the incident to M.G.'s curiosity. Sneathen also stated that, on two other occasions, M.G. woke him by putting her face on his genitalia and he pushed her away. Sneathen said that he did not know what M.G. was doing with her face down there. When the video ended, the state rested its case.

Sneathen rested his case without presenting any evidence. He moved for a judgment of acquittal on the count of sexual battery that alleged he had sex with M.G. The trial court granted the motion.

After the trial court instructed the jury, but before releasing it to deliberate, the trial court and the parties conferred about sending exhibits to the jury room.

5

The trial court expressed its "preference . . . to send the evidence and the mechanism to play them back to the jury . . .  [to make its own] decision regarding whether to play or not play." Neither party objected, and defense counsel remarked, "I think that's what our boss says is best, that we don't get involved in that . . . ."

After the jury began deliberating, it sent the trial court a note requesting to "see the transcripts of [M.G.'s] in-court entire testimony." With the parties' assent, the trial court told the jury that it could request to have M.G.'s testimony read back in open court, but the jury made no such request. About two and a half hours later, the jury returned verdicts finding Sneathen guilty of sexual battery for having "his penis penetrate or have union with [M.G.'s] mouth," Fla. Stat. § 794.011(2), and of two counts of lewd and lascivious molestation of a minor, *id.* § 800.04(5)(b). The trial court sentenced Sneathen to imprisonment for life.

On direct appeal, Sneathen argued that the trial court abused its discretion by refusing to exclude the statements of the hearsay witnesses as unduly prejudicial under section 90.403. The state responded that the hearsay statements were reliable and were not cumulative, over-emphasized at trial, or prejudicial and that any error caused by admitting the statements was harmless. The Fifth District Court of Appeal affirmed Sneathen's convictions summarily. *Sneathen v. State*, 998 So. 2d 624 (Fla. Dist. Ct. App. 2008).

6

Sneathen filed *pro se* a motion for state postconviction relief. *See* Fla. R. Crim. P. 3.850. Sneathen identified eight claims for relief, including a claim that trial counsel was ineffective for failing to object to the hearsay witnesses in a manner that alerted the trial court to assess the evidence for undue prejudice, *see* Fla. Stat. § 90.403. A Florida court denied Sneathen's motion and ruled that, "[s]ince the merits of the[] issue[] [was] fully addressed on direct appeal, [Sneathen] . . . [could] not relitigate [it] now by rephrasing [it] in terms of ineffective assistance of counsel." Sneathen appealed.

The Fifth District Court of Appeal affirmed the denial of Sneathen's claim of ineffective assistance of trial counsel and six other grounds for postconviction relief, but the court reversed and remanded for consideration of an eighth claim. *Sneathen v. State*, 161 So. 3d 570 (Fla. Dist. Ct. App. 2014). On remand, Sneathen moved *pro se* to supplement his postconviction motion with a new claim that trial counsel was ineffective for failing to object when the trial court sent M.G.'s interview to the jury room, but the postconviction court did not consider Sneathen's new claim. During an evidentiary hearing, trial counsel testified that Sneathen's defense was that M.G.'s account had been contaminated by several interviews she underwent following the initial disclosure of abuse to her mother and by her mother's continuous questioning. The postconviction court rejected

7

Sneathen's eighth claim, and the appellate court affirmed summarily. *Sneathen v. State*, 215 So. 3d 1247 (Fla. Dist. Ct. App. 2016).

Sneathen filed *pro se* a federal petition for a writ of habeas corpus, which the district court denied. 28 U.S.C. § 2254. The district court treated as unexhausted and procedurally defaulted Sneathen's claim that trial counsel was ineffective for failing to object when the trial court sent M.G.'s interview to the jury room. The district court determined that trial counsel did not perform deficiently because a choice not to object could have been consistent with the theory of defense and with a determination that "there was very little downside in allowing the jury to re-view the . . . video." The district court also determined that counsel's inaction did not prejudice Sneathen because he "only speculate[d] that the jurors actually re-viewed the . . . video during their deliberations" and because "the jury had sufficient other evidence to support its verdict." And the district court denied as meritless Sneathen's claim that trial counsel was ineffective for failing to object to the hearsay witnesses as unduly prejudicial. The district court declined to determine whether Sneathen "properly exhausted [the] Claim . . . because [it] clearly fail[ed] on the merits" under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). The district court determined that trial counsel was not ineffective because he "*did* seek to exclude . . . M.G.'s hearsay statements" as "bolstering and cumulative." The district court also determined that Sneathen could not prove

prejudice because the state court had "affirm[ed] [Sneathen's] conviction . . . and rejected the very argument" of undue prejudice on direct appeal.

## II. STANDARDS OF REVIEW

We review *de novo* the denial of a petition for a writ of habeas corpus. *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1316 (11th Cir. 2013). "[W]hether a particular claim is subject to the doctrine of procedural default . . . [presents] a mixed question of fact and law, which we review *de novo*." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). We review related findings of fact for clear error. *Id.* at n.2.

## III. DISCUSSION

Sneathen raises two arguments. Sneathen argues that he established cause and prejudice to overcome the procedural default that otherwise barred his claim concerning trial counsel's failure to object to sending M.G.'s interview to the jury room. Sneathen also contends the district court erred in determining that the affirmance of his convictions on direct appeal barred his claim about trial counsel's failure to object to the admission of hearsay statements as unduly prejudicial. We address each argument in turn.

*A. The District Court Erred by Rejecting as Procedurally Defaulted Sneathen's Claim that Trial Counsel was Ineffective for Failing to Object to Sending M.G.'s Interview to the Jury Room.*

The Supreme Court created in *Martinez* a "narrow exception" that allows a state prisoner to obtain federal review of unexhausted claims of ineffective assistance of trial counsel in a petition for a writ of habeas corpus. 132 S. Ct. at 1315. The prisoner must prove that cause exists to excuse the failure to exhaust and that his "underlying ineffective-assistance-of-trial counsel claim is a substantial one, which is to say that . . . the claim has some merit." *Id.* at 1318. Cause exists when state law requires the prisoner to raise a claim of ineffective assistance of trial counsel in his first collateral proceeding and when either the prisoner proceeded *pro se* or his appointed postconviction counsel was ineffective. *Id.* Proof of "cause and prejudice does not entitle the prisoner to habeas relief"; instead, "[i]t merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted." *Id.* at 1320.

To establish ineffective assistance of counsel, the prisoner must prove that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland*, 446 U.S. at 687. Counsel's performance is deficient if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id.* at 688; *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). The prisoner satisfies the prejudice element if he establishes that "there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To determine

10

prejudice, the reviewing court must consider the merits of the underlying claim. *Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990). That examination requires us to determine whether the state court would have applied harmless error review. *Heath*, 941 F.2d at 1136–37.

Cause exists to excuse Sneathen's failure to exhaust his claim in the state courts. Florida prisoners ordinarily must present claims of ineffective assistance of trial counsel in their first motion for postconviction relief. *Bruno v. State*, 807 So. 2d 55, 63 (Fla. 2001). Sneathen litigated his postconviction motion *pro se* after the state court denied his motion for appointed counsel. Sneathen's *pro se* status establishes cause to excuse his procedural default. *See Martinez*, 132 S. Ct. at 1318.

Sneathen's claim is also substantial. *See id.* Florida courts have long held "that videotaped out-of-court interviews with child victims introduced into evidence under section 90.803(23) shall not be allowed into the jury room during deliberations." *Young v. State*, 645 So. 2d 965, 967 (Fla. 1994); *Tillis v. State*, 716 So. 2d 819, 820 (Fla. Dist. Ct. App. 1998). The prohibition stems from concern "that the child's statements will be unfairly given more emphasis than other testimony." *Young*, 645 So. 2d at 967. Submission of the child's interview to the jury is not fundamental error, but neither is it harmless. *Id.* at 968; *see Jassan v. State*, 749 So. 2d 511, 512 (Fla. Dist. Ct. App. 1999) ("[D]elivery of the victim's

videotaped statement to the jury may be harmful and prejudicial but not fundamental error."). And at least one Florida appellate court has recognized that trial counsel's failure to object to submitting a child's interview to the jury may constitute ineffective assistance. *Ruiz v. State*, 108 So. 3d 694, 696 (Fla. Dist. Ct. App. 2013). Because there is "some merit" to Sneathen's claim of ineffective assistance of trial counsel, we vacate the order denying Sneathen's claim as procedurally defaulted and remand for the district court to consider the claim on the merits.

*B. The District Court Correctly Ruled that the Affirmance of Sneathen's Convictions on Direct Appeal Barred His Claim that Trial Counsel was Ineffective for Failing to Object to Hearsay Witnesses as Unduly Prejudicial.*

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a highly deferential standard of review for federal claims raised by state prisoners that have been "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). The state prisoner cannot obtain a writ of habeas corpus unless the decision of state court was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

"When a state court refuses to readjudicate a claim on the ground that it has been previously determined," that ruling "provides strong evidence that the claim

12

has already been given full consideration by the state courts and thus is *ripe* for federal adjudication." *Clark v. Att'y Gen., Fla.*, 821 F.3d 1270, 1283 (11th Cir. 2016) (quoting *Cone v. Bell*, 556 U.S. 449, 467 (2009)). On direct appeal, Sneathen argued that the admission of the hearsay statements unduly prejudiced him, *see* Fla. Stat. § 90.403, and the state responded on the merits. In that circumstance, the Florida courts proceed to the merits of the issue raised on appeal. *See Blanton v. State*, 880 So. 2d 798, 801 n.2 (Fla. Dist. Ct. App. 2004) (expressing doubt that the defendant preserved his argument that the admission of child hearsay statements violated his right of confrontation but "addressing the issue on its merits" because the state did "not argue waiver"), *disapproved in part on other grounds*, 978 So. 2d 149 (Fla. 2008). The district court was entitled to treat the affirmance of Sneathen's convictions as an adjudication of his evidentiary issue and to give deference to that decision. *See Harrington v. Richter*, 562 U.S. 86, 98 (2011) ("By its terms, Section 2254(d) bars relitigation of any claim 'adjudicated on the merits,'" even if the "state court's decision is unaccompanied by an explanation.").

The district court did not err by denying Sneathen habeas relief. Even if we accept as true that trial counsel performed deficiently by failing to object to the hearsay testimony as unduly prejudicial, Sneathen could not prove that trial counsel's inaction prejudiced him. It is not enough for Sneathen to prove that the

error had some conceivable effect on the outcome of the trial; Sneathen must prove that trial counsel's inaction "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Sneathen cannot establish a reasonable probability that an objection based on undue prejudice would have succeeded. The decision of the state court on direct appeal summarily rejecting Sneathen's argument about the evidentiary issue is entitled to deference. *See Harrington*, 562 U.S. at 98; *see also Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005) ("It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'"). And trial counsel cannot be faulted for failing to make a meritless objection. *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client").

## IV. CONCLUSION

We **AFFIRM** in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this opinion.

14